RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16b0005p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

_____

In re:   EARL BENARD BLASINGAME; MARGARET
GOOCH BLASINGAME,

*Debtors*.

_____

CHURCH JOINT VENTURE, L.P.; FARMERS &
MERCHANTS BANK,

*Plaintiffs-Appellees*,

EDWARD L. MONTEDONICO, JR.,

*Plaintiff*,

*v*.

EARL BENARD BLASINGAME, et al.,

*Defendants*,

MARTIN A. GRUSIN,

*Appellant*.

No. 14-8046

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee at Memphis.
No. 08-28289—Jennie D. Latta, Judge.

Argued:  March 1, 2016

Decided and Filed:  November 7, 2016

Before:  HARRISON, HUMPREY, and PRESTON, Bankruptcy Appellate Judges.

_____

**COUNSEL**

**ARGUED:**  Edward M. Bearman, Memphis, Tennessee, for Appellant.  Bruce W. Akerly,
CANTEY HANGER LLP, Dallas, Texas, for Appellees.  **ON BRIEF:**  Edward M. Bearman,

1

Gary E. Veazey, Memphis, Tennessee, for Appellant. Bruce W. Akerly, CANTEY HANGER LLP, Dallas, Texas, for Appellees.

_____

**OPINION**

_____

C. KATHRYN PRESTON, Chief Bankruptcy Appellate Panel Judge. Attorney Martin A. Grusin ("Grusin") appeals the bankruptcy court's orders imposing sanctions against him. Sanctions were separately awarded against attorney Tommy L. Fullen ("Fullen"), but he did not appeal. The bankruptcy court imposed monetary sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927 in the form of attorney fees and expenses that Chapter 7 Trustee Edward L. Montedonico ("Trustee") and creditors Church Joint Venture ("CJV") and Farmers and Merchants Bank, Adamsville, TN ("FMB") (together, "Church Joint Venture"),[1] incurred relating to Debtors' bankruptcy case and litigation arising in that case.

**ISSUES ON APPEAL**

In analyzing Grusin's assertions that the bankruptcy court abused its discretion in awarding sanctions against him pursuant to Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927, the Panel will address the following issues:

> 1. Did the bankruptcy court err in sanctioning Grusin pursuant to Federal Rule of Bankruptcy Procedure 9011 when the movant had not complied with the safe harbor requirement?
>
> 2. Did the bankruptcy court err in awarding sanctions pursuant to 28 U.S.C. § 1927 based upon an erroneous determination that Grusin's conduct vexatiously multiplied the proceedings?

---

[1] Throughout the bankruptcy case and various adversary proceedings, CJV and FMB were represented by the same attorney, Bruce Akerly ("Akerly"). Akerly represents both parties in this current appeal. The bankruptcy court referred to CJV and FMB collectively as "Church Joint Venture," as will this opinion. This opinion will refer to these creditors by their initials when referring to one of them singularly.

**JURISDICTION AND STANDARD OF REVIEW**

On January 21, 2015, the Panel entered an order finding that it has jurisdiction over this appeal because the Amended Order Setting Amount of Additional Sanctions was a final order and Appellant's Amended/Corrected Notice of Appeal was filed within the time provided by Federal Rule of Civil Procedure 58.

The Panel reviews the bankruptcy court's imposition of sanctions under the abuse of discretion standard. *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 711 (6th Cir. 1999).

> [A]n order granting sanctions under 28 U.S.C. § 1927 is . . . reviewed for an abuse of discretion. *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007). "An abuse of discretion is defined as a definite and firm conviction that the [court below] committed a clear error of judgment." *Mayor and City Council of Baltimore, Md. v. W. Va.* (*In re Eagle-Picher Indus., Inc.*), 285 F.3d 522, 529 (6th Cir. 2002) (internal quotation marks and citation omitted). The abuse of discretion must be more than harmless error to provide cause for reversal. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004) (citations omitted). Sanctions based upon an erroneous view of the law or an erroneous assessment of the evidence are necessarily an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461, 110 L. Ed. 2d 359 (1990); *Salkil v. Mount Sterling Tp. Police Dept.*, 458 F.3d 520, 527–28 (6th Cir.2006). *See also Parrott v. Corley*, 266 F. Appx 412, 415 n. 1 (6th Cir. 2008) (arguments concerning an error in statutory interpretation or due process related to sanctions are reviewed de novo).

*In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 346 (B.A.P. 6th Cir. 2015)*, aff'd sub nom. Grossman v. Wehrle* (*In re Royal Manor Mgmt., Inc.*), Case No.15-3146, 2016 WL 3268743 (6th Cir. June 15, 2016).

**FACTS**

In July and August of 2008, Earl Benard Blasingame ("Benard Blasingame") and Margaret Gooch Blasingame ("Margaret Blasingame") (together, "Debtors") met with Grusin and attorney Hank Shackelford ("Shackelford"), to discuss their financial situation, including their personal exposure in pending garnishment and debt collection proceedings.[2] On August 8,

---

[2]Grusin and Shackleford both had prior business relationships with Debtors but do not appear to have worked with each other on Debtors' behalf prior to this meeting. Based on Debtors' testimony it appears that this meeting was a general meeting, at which Benard Blasingame and the two attorneys discussed possible strategies,

2008, Margaret Blasingame executed an engagement letter with Grusin. Margaret Blasingame assigned to Grusin her interest in $20,000 held by the McNairy Circuit Court [Tennessee] as payment for representation in connection with *Church Joint Venture v. Aqua Air Aviation,* and related issues arising from that case. Grusin, who was not a bankruptcy attorney, referred Debtors to Fullen, a local bankruptcy attorney. Debtors hired Fullen to represent them in a bankruptcy case. On August 15, 2008, Fullen signed a voluntary chapter 7 petition as the attorney for Debtors and filed it on their behalf.

The petition, schedules, and statement of financial affairs ("SoFA"), as initially filed, did not disclose several trusts for which Debtors were trustees[3] (collectively, the "Trusts"), certain household goods, and the pre-petition assignment to Grusin. Debtors amended these documents multiple times throughout the proceedings. Following lengthy discovery, including 2004 examinations, Trustee and Church Joint Venture filed an adversary proceeding (Adv. No. 09-00482) against Debtors, the Trusts, the Corporations[4] and Debtors' children[5] on September 29, 2009. Pursuant to the complaint, Trustee and Church Joint Venture sought a declaration that the Trusts are alter egos or reverse alter egos of Debtors, sought avoidance of certain transfers, sought denial of Debtors' discharges under several Bankruptcy Code sections, and objected to Debtors' claim to certain exemptions. On April 26, 2010, Church Joint Venture and Trustee filed Plaintiffs' Motion for Partial Summary Judgment ("PSJ Motion") seeking judgment on those counts of the complaint objecting to Debtors' discharges.

---

including having Debtors file personal bankruptcy. Neither Shackleford nor Grusin were bankruptcy experts, each recommended a bankruptcy attorney, and ultimately Debtors chose the attorney recommended by Grusin. Both Shackleford and Grusin continued to provide advice to Debtors throughout the case. However, Shackleford never filed a formal appearance in either the bankruptcy case or adversary proceeding. The bankruptcy court did not sanction Shackleford.

[3]The Blasingame Family Business Investment Trust, The Blasingame Family Residence Generation Skipping Trust, and The Blasingame Family Development Generation Skipping Trust.

[4]Debtors' original SoFA listed business interests in six corporations. The adversary proceeding named the following as defendants: Flozone Services, Inc., Fiberzone Technologies, Inc., Blasingame Farms Inc., GF Corporation; and Aqua Dynamics Group Corporation (collectively, the "Corporations").

[5]Katherine Blasingame Church and Earl Benard "Ben" Blasingame, Jr., Debtors' adult children, were named as "necessary parties" to the adversary proceeding.

On June 30, 2010, attorney Joseph Townsend ("Townsend")[6] filed Defendants' Response To Plaintiffs' Motion For Partial Summary Judgment On Discharge Claims ("Response to PSJ Motion"). Grusin co-signed this filing as the attorney for the Trusts, the Corporations, Katherine Blasingame Church and Earl Benard Blasingame, Jr. (collectively with Debtors, "Defendants"). In the opening paragraph of the Response to PSJ Motion, Debtors asserted an "advice of counsel" defense and posited that the petition, schedules, SoFA, and amendments were correctly completed, arguing that the Trusts were not assets of Debtors. In their Response to PSJ Motion, Defendants also incorporated by reference an appendix of exhibits, including a Joint Affidavit[7] filed in support of a previous motion to dismiss the complaint as to the children, the Trusts, and the Corporations. Grusin co-signed the Joint Affidavit as attorney for the Corporations, the Trusts, Katherine Blasingame Church, and Earl Benard Blasingame, Jr. Defendants also requested the dismissal of the adversary proceeding against the non-debtor defendants in their Response to PSJ Motion. On February 22, 2011, the bankruptcy court entered an Order Granting in Part, Denying in Part Plaintiff's Motion for Partial Summary Judgment. The bankruptcy court denied Debtors' discharges pursuant to 11 U.S.C. § 727(a)(4) based on the errors and omissions in the petition and schedules. The bankruptcy court also denied Benard Blasingame's discharge pursuant to 11 U.S.C. § 727(a)(5) for failure to explain loss of assets. The bankruptcy court rejected Debtors' advice of counsel defense.

On March 8, 2011, Debtors filed Debtors' Motion to Alter or Amend Judgment. This filing was signed by Townsend, on behalf of the Law Offices of Tommy L. Fullen, and included Fullen's name in the signature block. Debtors attempted to bolster their advice of counsel defense by filing two similar affidavits executed by Grusin and Fullen. In his affidavit, Fullen admitted his mistake in failing to disclose the Trusts. Grusin's affidavit admitted that he offered

---

[6]The record is not clear regarding the exact legal nature of the relationship between Fullen and Townsend. In the signature block for most of the adversary proceeding documents, Townsend signed the documents with his name, under which appeared "The Law Offices of Tommy L. Fullen" and Fullen's office address. The legal relationship between Fullen and Townsend is not significant to this appeal.

[7]The full title of the document is Joint Affidavit in Support of Amended Motion to Dismiss Aqua Dynamics Group Corporation, Flozone Services, Inc., Fiberzone Technologies, Inc., G.F. Corporation, Blasingame Farms, Inc., the Blasingame Family Business Investment Trust, the Blasingame Family Development Generation Skipping Trust, the Blasingame Residence Trust, the Blasingame Trust, Katherine Blasingame Church and Earl Benard Blasingame, Jr. as Defendants in Adversary Action Number 09-000482 ("Joint Affidavit"). (Adv. No. 09-00482 ECF No. 73).

advice to Fullen and Debtors that the Trusts were not assets of the bankruptcy estate and that "there was no need for the Debtors to add those Trusts and/or Corporations nor the benefits they received from those Trusts and/or Corporations, on their Petition for Bankruptcy." (Grusin Aff. at 2-3, Adv. No. 09-00482 ECF No. 126-1). The bankruptcy court denied the motion.

Following a motion by Church Joint Venture, the bankruptcy court entered an order disqualifying Grusin, Fullen, and Townsend as counsel for Debtors and other defendants. On April 8, 2013, the bankruptcy court granted a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b) (the "Rule 60(b) Motion"), brought by Debtors' new counsel, David Cocke ("Cocke").[8] Grusin gave deposition and direct testimony in connection with the trial on the complaint seeking denial of Debtors' discharge, during which he attempted to explain the advice he had given Debtors: Grusin asserted that he had spoken "inartfully" in his affidavit. He explained that the advice he had given Debtors related only to whether the Trusts were protected under Tennessee law and, thus, not a part of the estate. He further asserted that he did not know whether Debtors had a duty to disclose the Trusts on their bankruptcy petition, schedules, and SoFA and had not intended to give Debtors advice on that question.

On January 30, 2012, the bankruptcy court entered an Order Granting Motion for Derivative Standing, allowing Church Joint Venture to bring a malpractice action against Grusin and Fullen on behalf of the bankruptcy estate. Following the filing of the malpractice action, Church Joint Venture filed a Motion for Sanctions Against Tommy L. Fullen and Martin A. Grusin ("Sanctions Motion").

In the Sanctions Motion, Church Joint Venture requested sanctions for abuse of the litigation process, relying on Federal Rule of Bankruptcy Procedure 9011, 28 U.S.C. § 1927, and the inherent power of the court. Church Joint Venture asserted that the bankruptcy case should never have been filed and that Fullen and Grusin exhibited gross negligence in handling the case from the start, which, parenthetically, would likely cost Debtors their discharge. Church Joint

---

[8]Cocke filed the Rule 60(b) Motion on behalf of Debtors on February 22, 2012. The bankruptcy court conducted evidentiary hearings on this motion on July 25, 2012 and August 8, 2012. The bankruptcy court entered a provisional order granting the motion which stated that Debtors needed to obtain a remand from the Bankruptcy Appellate Panel ("BAP") before a final order could be entered because the appeal of the judgment was still pending. The BAP remanded, and the bankruptcy court entered a Final Order Granting Motion for Relief from Judgment on April 8, 2013.

Venture posited that Grusin and Fullen exhibited a total lack of responsibility toward the completion of Debtors' Schedules and SoFA, and total failure to responsibly advise Debtors post-petition with respect to timely filing amendments or supplements and defending Debtors in the adversary proceeding. Further, they accused Fullen and Grusin of changing their stories under oath and being "less than candid with the Court." *Id*. at 26. Church Joint Venture sought payment of attorney fees, costs, and expenses related to attendance at 2004 examinations, filing and prosecution of the objection to discharge, responding to the motions for reconsideration of the order granting partial summary judgment, and the prosecution of the appeal from the order that granted the Rule 60(b) Motion. Church Joint Venture also requested that Fullen and Grusin be ordered to disgorge all fees and/or property received from Debtors for legal services related to the case, attend 25 hours of ethics courses, provide 40 hours of *pro bono* work and make a $5000 donation to a local *pro bono* or legal services organization or program. Additionally, Church Joint Venture requested that Fullen and Grusin be banned from practicing law in the bankruptcy court for the Western District of Tennessee and be referred to the State Bar of Tennessee for additional discipline.

The bankruptcy court entered its Order Granting Sanctions on July 16, 2014. (Order Granting Sanctions, Adv. No. 09-00482 ECF No. 528). At the outset, the bankruptcy court recounted the procedural history of the case, noting that the discharge trial and malpractice case were on-going. The court then undertook an analysis of each of the possible grounds for sanctions as it was applicable to Fullen and Grusin individually.

With regard to Rule 9011, the bankruptcy court noted that Church Joint Venture did not comply with the safe harbor provision. Therefore, the bankruptcy court concluded that the only documents it could consider in determining whether Rule 9011 sanctions were appropriate were the initial petition, the schedules, and SoFA. The bankruptcy court noted that only Fullen had signed the bankruptcy petition. However, based upon Grusin's activities in the adversary proceeding and the affidavit Grusin filed with the Motion to Alter or Amend, the bankruptcy court found that "Grusin was actively involved in the decision to withhold information from the bankruptcy schedules and statement of financial affairs." (Order Granting Sanctions at 13). The bankruptcy court concluded, therefore, that Grusin was acting as the lead counsel from the

shadows and found that Grusin could be sanctioned for errors in the petition, schedules, and SOFA. The Order Granting Sanctions imposed sanctions against both Fullen and Grusin pursuant to Rule 9011.[9]

Regarding § 1927, the bankruptcy court correctly articulated the objective standard for determining whether sanctions are appropriate. "Section 1927 authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety." (Order Granting Sanctions at 22 (citing *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (internal quotation marks omitted))). The bankruptcy court recognized that "[s]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927." *Id.* The bankruptcy court then found that Fullen "accepted full responsibility for the errors and omissions in the filing of the initial papers" and "did everything in his power, after the petition was filed, to obtain required information and file necessary amendments to the schedules and statements." *Id.* Accordingly, the bankruptcy court held that Fullen had not vexatiously multiplied the proceedings. As to Grusin, however, the bankruptcy court concluded that he was "the mastermind behind the entire endeavor and has yet to accept full responsibility for his actions." *Id.* at 23. The bankruptcy court held that Grusin's "shadow representation of Debtors in the bankruptcy case and in the adversary proceeding vexatiously and unreasonably multiplied the proceedings." *Id.*

The bankruptcy court declined to use its inherent power under 11 U.S.C. § 105 to award sanctions against either Grusin or Fullen, finding that their conduct fell short of "subjective bad faith." (Order Granting Sanctions at 26).

Because Church Joint Venture did not sufficiently describe the services rendered for the attorney fees requested in their Sanctions Motion, the bankruptcy court ordered them to supplement the record. The parties did so and the bankruptcy court entered an Order Setting

---

[9]The August 1, 2014 and August 5, 2014 Orders clarified that the sanctions imposed on the basis of Rule 9011 were the disgorgement of fees paid in anticipation of filing the bankruptcy petition and the requirement to attend continuing legal education in professional responsibility or ethics.

Amounts of Additional Sanctions on August 1, 2014. On August 5, 2014, the bankruptcy court entered an Amended Order Setting Amounts of Additional Sanctions.[10] Grusin appealed.

## DISCUSSION

### I. Federal Rule of Bankruptcy Procedure 9011

Federal Rule of Bankruptcy Procedure 9011(b) provides that:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

Rule 9011 requires at least one individual attorney or *pro se* litigant to sign "[e]very petition, pleading, motion and other paper served or filed in a case under the [Bankruptcy] Code. . . ." Fed. R. Bankr. P. 9011(a). Through his or her signature, the attorney effectively certifies that the document is "well grounded in fact," legally tenable, and "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case." *Id.*; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454, 110 L. Ed.2d 359 (1990). If a court finds that a document is frivolous or interposed for an improper purpose, Rule 9011 requires the court to impose an "appropriate sanction," see Fed. R. Bankr. P. 9011(a).

*In re Palumbo Family Ltd. P'ship*, 182 B.R. 447, 472 (Bankr. E.D. Va. 1995).

---

[10]The two orders were identical except for the amount of expenses awarded to Akerly. The basis for the reduction in expenses in the Amended Order is not clear to the Panel.

> In order to seek sanctions pursuant to Rule 9011, a two-step process must be followed. The motion must first be served on the opposing party. Then, after the twenty-one day "safe harbor" has passed, the party seeking sanctions may file the motion with the court. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc*., 369 F.3d 385, 389 (4th Cir. 2004); *In re Sammon*, 253 B.R. 672, 678 (Bankr. D.S.C. 2000) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997)).

*In re Varona*, 388 B.R. 705, 711 n. 5 (Bankr. E.D. Va. 2008). "Unlike Rule 11, though, the safe harbor in Rule 9011 has an exception. Rule 9011(c)(1)(A) continues: 'this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).' *Id.*" *In re Meltzer*, 516 B.R. 504, 522 (Bankr. N.D. Ill. 2014). Numerous courts have observed that a party seeking sanctions based on the filing of a petition need not comply with the safe harbor requirement. *See, e.g.*, *In re Schaefer Salt Recovery, Inc*., 542 F.3d 90, 100 (3d Cir. 2008); *In re Silberkraus*, 336 F.3d 864, 868 (9th Cir. 2003); *In re Dental Profile, Inc*., 446 B.R. 885, 899 (Bankr. N.D. Ill. 2011); *In re Brown*, 319 B.R. 876, 878 n. 1 (Bankr. N.D. Ill. 2005).

The bankruptcy court noted that Church Joint Venture did not comply with the twenty-one day safe harbor provision when they filed the Sanctions Motion. The bankruptcy court recognized that it could only impose sanctions under Rule 9011 to the extent allowed by the exception contained in Rule 9011(c)(1)(A). (Order Granting Sanctions at 6). The bankruptcy court determined that under the exception the only documents it could consider were the petition, the schedules, and SoFA.

The bankruptcy court acknowledged that it was Fullen who signed and filed the bankruptcy petition, schedules, and SoFA, but concluded that Grusin was the shadow lead counsel for Debtors. Thus, Grusin was subjected to sanctions under Rule 9011(b) for presenting to the court the bankruptcy schedules and statement of financial affairs and for later advocating them. On appeal, Grusin argues that the bankruptcy court's reading of the exception is overly broad. The Panel agrees.

Rule 9011(b) broadly defines the manner by which a party may present "a petition, pleading, written motion, or other paper" to the court to include "signing, filing, submitting, or later advocating." However, Rule 9011's safe harbor provision contains one very limited

exception:  It does not apply to "the *filing* of *a petition* in violation of subdivision (b)."  Fed. R. Bankr. P. 9011(c)(1)(A) (emphasis added).  "The reason is simple: 'The filing of a petition has immediate serious consequences . . . which may not be avoided by the subsequent withdrawal of the petition.'"  *Meltzer*, 516 B.R. at 522 (quoting Fed. R. Bankr. P. 9011 advisory committee's note (1997)).  *See also Dental Profile, Inc.*, 446 B.R. at 899; *In re McNichols*, 258 B.R. 892, 902 (Bankr. N.D. Ill. 2001).  As the Third Circuit Court of Appeals has recognized:

> The exception evidences a concern that a party subject to an automatic stay would be forced to choose between seeking sanctions, which would require it to wait up to twenty-one days before seeking dismissal of the petition, and the immediate filing of a motion to dismiss the bad faith petition.  Without the exception, a party would be forced to abandon its request for sanctions in order to seek dismissal of the petition as quickly as possible.

*Schaefer Salt Recovery*, 542 F.3d at 100.

Courts have frequently recognized that "[w]hen we can discern an unambiguous and plain meaning from the language of a rule, our task is at an end."  *Mitan v. Duval* (*In re Mitan*), 573 F.3d 237, 244 (6th Cir. 2009) (quotation marks and citation omitted).  The plain language of Rule 9011(c)(1)(A) limits the exception to the safe harbor provision to the act of filing a petition.  Accordingly, an attorney cannot be sanctioned for "later advocating" a position taken in the petition unless the moving party complies with the safe harbor provision.  To the extent that the bankruptcy court sanctioned Grusin on the basis that he later advocated the allegations in the petition, the bankruptcy court made a clear error of law and the sanctions must be vacated.

In addition to finding that Grusin later advocated the positions taken by Fullen in the completion of the bankruptcy schedules and SoFA, the bankruptcy court also found that Grusin was responsible for those positions from the start.  The crux of the bankruptcy court's findings in the Order Granting Sanctions was that Grusin unduly influenced Fullen regarding the disclosures, or lack thereof, that Debtors made in the petition, schedules, and SoFA.  Thus, the bankruptcy court tried to avoid the ramifications of Church Joint Ventures' failure to comply with the safe harbor provision by treating Grusin as if he had filed the petition.  The bankruptcy court cited no legal authority, and the Panel has found none, for the concept that influence over the contents of the petition, schedules, and SoFA is the equivalent to having filed them.  Grusin

neither signed the petition nor did he file it. Rule 9011's exception to the safe harbor provision only applies to the act of filing the petition. Because Grusin did not sign or file the petition in this case, he cannot be sanctioned under the plain meaning of Rule 9011.[11] *See also* Fed. R. Bankr. P. 9011(a) ("Every petition . . . shall be signed by at least one attorney of record in the attorney's individual name.").

## II.    28 U.S.C. § 1927

Section 1927 of Title 28 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "The purpose of sanctions under § 1927 is '"to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy."'" *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 365-66 (B.A.P. 6th Cir. 2015) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1230–31 (6th Cir. 1986))), *aff'd sub nom. Grossman v. Wehrle* (*In re Royal Manor Mgmt., Inc.*), Case No.15-3146, 2016 WL 3268743 (6th Cir. June 15, 2016).

> Sanctions are warranted under § 1927 if counsel "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (citation omitted). Sanctions require "**more than negligence or incompetence**" but "something less than subjective bad faith." *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 276 (6th Cir. 2010) (citation omitted). . . . "**Discrete acts of vexatious conduct should be identified** and a determination made whether they were done in bad faith or, even if bad faith was not present, whether they multiplied the proceedings pursuant to 28

---

[11]The question of whether Grusin, or Fullen for that matter, committed malpractice is not pending before this Panel. Based on the record as a whole, it appears that Grusin was heavily involved in advising Debtors regarding the bankruptcy proceedings. The Panel reaches its conclusion regarding Rule 9011 based on a plain reading of the safe harbor exception and the undisputed fact that Grusin neither signed the Petition as attorney of record nor filed it. Thus, this opinion makes no findings of fact nor conclusions of law regarding whether Grusin (or Fullen) committed malpractice or is otherwise responsible for any advice he may have given prior to the filing of the petition or during the bankruptcy proceedings.

U.S.C. § 1927." *Riddle v. Egensperger*, 266 F.3d 542, 556 (6th Cir. 2001) (quoting *In re Ruben*, 825 F.2d 977, 990 (6th Cir.1987)).

*Royal Manor*, 525 B.R. at 365 (emphasis added). In *Royal Manor*, the Bankruptcy Appellate Panel explained the Sixth Circuit's standards:

> Litigation conduct is reviewed "for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety." *Jones*, 789 F.2d at 1230. Absent a showing of bad faith, sanctions may be imposed "at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." [*Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)], *quoting Jones*, 789 F.2d at 1230. "[T]he mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder*, 109 F.3d at 298. "An attorney is liable under § 1927 solely for excessive costs resulting from the violative conduct." *Id*. at 299. **Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927**. *In re Ruben*, 825 F.2d at 984. "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id*. "A sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants." *Id*. at 988.

*Royal Manor*, 525 B.R. at 365 (quoting *Riddle v. Egensperger*, 266 F.3d at 553 ) (emphasis added). In summary, § 1927 is implicated when a party has (1) multiplied proceedings, (2) unreasonably and vexatiously, (3) in bad faith or when an attorney knows or reasonably should know that the claim or litigation tactics pursued is frivolous or will impede the litigation of proper claims, and (4) which has resulted in additional expense to the other parties. The bankruptcy court held that Grusin vexatiously multiplied the litigation in the adversary proceeding, but that Fullen did not. (Order Granting Sanctions at 28-29).

Grusin asserts that the bankruptcy court erred in concluding that he vexatiously multiplied the litigation. He insists that his actions were not intended to cause delay or create litigation expense for the opposing parties. He additionally asserts that the bankruptcy court sanctioned him due to personal bias against him, as indicated by the fact that neither Townsend nor Fullen were sanctioned for their roles in the adversary proceeding (*e.g.*, Townsend had

signed the same documents as had Grusin, on behalf of Fullen's office). The Panel agrees that Grusin's actions were not unreasonable and vexatious. The Panel does not reach the question of whether the bankruptcy court had personal bias or perturbations against him.[12]

> The bankruptcy court held that:

> Grusin's shadow representation of the Debtors in the bankruptcy case and in the adversary proceeding vexatiously and unreasonably multiplied the proceedings resulting in excess cost to the Trustee and to Church Joint Venture. . . . As a result of the wholly inadequate pleadings and affidavits filed in the adversary proceeding, the Plaintiffs and the court were put to unnecessary effort and expense to sort out what the positions of the Debtors were and whether they were supported by the record.

(Order Granting Sanctions at 23). The issues "raised by the Debtors' complex financial affairs . . . were needlessly compounded by the positions propounded by Mr. Grusin and the work product produced by him." *Id.* The discharge litigation "was needlessly prolonged as the result of the attempts of Mr. Grusin to defend it." *Id.* at 24. "The proceeding was protracted . . . due to the pleadings prepared or overseen by Mr. Grusin with respect to the discharge." *Id.* at 29. Notwithstanding this broad language, the bankruptcy court referenced only two filings, and their supporting documents, in the adversary proceeding when the court awarded §1927 sanctions: the Response to the PSJ Motion which incorporated the Joint Affidavit and the Motion

---

**12**Grusin also argues that the bankruptcy court sanctioned him due to "pre-existing ill will or bias against Grusin that clearly occurred outside the record[.]" (Appellant's Br. at 62, BAP Case No. 14-8046 ECF No. 22). Grusin asserts that the bankruptcy court asked its own questions of witnesses which were designed to lead those witnesses to blame Grusin. Further, Grusin asserts that during the sanctions hearing, the bankruptcy court showed a personal bias when the court stated: "I have known Mr. Grusin a long time and he knows that. He can talk a really good game and sometimes he talks about stuff he doesn't know anything about. It is just the way it is." (Tr. of Sanctions Hr'g at 86:12-15, Adv. No. 09-00482 ECF No. 514). During the trial, the bankruptcy court admitted it was frustrated by what it felt was Grusin's undue influence over Debtors:

> I am frustrated and I think you have seen that because it is just hard for me to understand, especially after you have told me this history with Mr. Grusin, that you just turned everything over to him to make decisions for you when Mr. Shackelford, who had been helping you, is telling you to do something else.

(Tr. of Discharge Trial at 1268, Adv. No. 09-00482 ECF No. 545).

The bankruptcy court's statement characterizing Grusin as having a propensity to "talk a good game" is troubling. The record reflects the bankruptcy court's frustration with Grusin. This frustration may indicate some level of personal perturbation with Grusin which may have contributed to the bankruptcy court's conclusion that Grusin's conduct was sanctionable pursuant to § 1927, while finding that the conduct of Townsend and Fullen was not. However, the Panel need not reach this issue due to its conclusion that Grusin's conduct was not vexatious and unreasonable.

to Alter or Amend Judgment supported by Grusin's and Fullen's individual affidavits. The bankruptcy court held that these documents "vexatiously and unreasonably prolonged the proceedings and caused Church Joint Venture and the bankruptcy estate to incur additional attorney fees and expenses that they should not have borne." *Id*. at 29.**[13]** The bankruptcy court also concluded that "the Motion for Relief from Judgment, filed by Mr. Cocke . . . was the fruit of and was necessitated by the prior named pleadings." *Id.*

The Sixth Circuit has provided a helpful perspective on the distinction between "zealous representation" and "vexatious conduct:"

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) "*Jones* makes clear that the standard for section 1927 determinations in this circuit is an objective one, entirely different from determinations under the bad faith rule." *Rogers v. Salvation Army*, No. 14-12656, 2015 WL 4488512, at *3 (E.D. Mich. July 23, 2015).[14]

---

**[13]**Notably, while not condoning Grusin's conduct, the bankruptcy court observed that the 2004 examinations would have been conducted regardless. *Id.* at 28.

**[14]**The Sixth Circuit Court of Appeals discussed the evolution of the standard under 28 U.S.C. § 1927, in *Rathburn v. Warren City Schools* (*In re Ruben*), 825 F.2d 977 (6th Cir. 1987). In that case, the court noted that an earlier Sixth Circuit decision, *United States v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976), had defined the "unreasonably and vexatiously" language of § 1927 as "an intentional departure from proper conduct, or, at a minimum, . . . a reckless disregard of the duty owed by counsel to the court." *Ruben*, 825 F.2d at 983 (quoting *Ross*, 535 F2d at 349). However, the *Ruben* decision also "noted a relaxed standard applicable to section 1927 determinations" subsequent to *Ross*. *Ruben*, 825 F.2d at 983. As stated in *Jones*, the Sixth Circuit has authorized § 1927 sanctions "*despite the absence of any conscious impropriety*." *Jones*, 789 F.2d at 1230 (emphasis added). Still, the Sixth Circuit also noted that "we do not read these subsequent cases as overruling the thrust of *Ross*, to wit, that simple inadvertence or negligence that frustrates the trial judge will not support a sanction under 1927." *Ruben*, 825 F.2d at 984. The conduct must be such that "trial judges applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id. See also Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) ("Fees may be assessed without a finding of bad faith, at least when an attorney knows or reasonably

To award fees and costs pursuant to § 1927, the court must find that the attorney not only multiplied the proceeding, but that the attorney did so in objective bad faith or knew or should have known the actions were frivolous. Mere incompetence or negligence does not justify § 1927 sanctions.

Here, the bankruptcy court did not find that Grusin multiplied the proceedings or filed the documents at issue in bad faith. (Order Granting Sanctions at 26). Nor did the court find that Grusin knew or should have known that the claim he was pressing was frivolous. In connection with the bankruptcy court's analysis of its inherent power to sanction abuses of the litigation process, the bankruptcy court specifically stated:

> [Mr. Grusin's] conduct falls short of subjective bad faith . . . . I do not find any indication that Mr. Grusin stepped beyond the role of a zealous, if misguided, advocate. He was not competent to provide advice to the Debtors concerning their bankruptcy case, and he certainly should not have attempted to represent them "from the shadows" by using Mr. Townsend to sign and file pleadings for him, but I do not find that his actions were motivated by any purpose other than to try to obtain relief for his clients.

(Order Granting Sanctions at 26 (emphasis added)). Although it appears to be made in the context of the bankruptcy court's decision whether to sanction Grusin under its inherent authority, the bankruptcy court's factual finding that Grusin was simply a zealous advocate not only supports its conclusion that it could not sanction Grusin under its inherent authority, but also undermines the court's imposition of sanctions under § 1927. As previously noted, the purpose of sanctions under § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Royal Manor*, 525 B.R. at 365-66 (citations omitted). Finding that Grusin was simply a zealous advocate cannot be squared with the objective standard for § 1927 sanctions which is intended to punish "aggressive tactics that far exceed zealous advocacy."

The bankruptcy court did find that Grusin's shadow representation of Debtors vexatiously and unreasonably multiplied the proceedings. Specifically, the bankruptcy court found that the PSJ Motion would not have been granted but for Grusin's failure "to discuss the

---

should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." (citation and internal quotation marks omitted)).

advice of counsel defense with [Debtors] and to advise them to consult and/or engage other counsel to assist them in evaluating that defense." (Order Granting Sanctions at 4). On that basis, the bankruptcy court concluded that the Response to the PSJ Motion, which incorporated the Joint Affidavit, and the Motion to Alter or Amend Judgment, which was supported by the affidavits of Grusin and Fullen, were the documents which vexatiously and unreasonably prolonged the adversary proceeding. The bankruptcy court also concluded that Grusin's filing of these documents caused Church Joint Venture and the bankruptcy estate to incur additional attorney fees and expenses they should not have borne.

The Panel determines, for several reasons, that the bankruptcy court erred as a matter of law in concluding that Grusin's "shadow representation" of Debtors in this case vexatiously and unreasonably multiplied the proceedings.[15] First, as noted, the bankruptcy court only referenced two filings, plus the affidavits which supported those filings, which it found resulted in the unnecessary multiplication of the proceeding, all of which it attributed to Grusin. While a limited number of filings could in a given case have such an effect as to warrant sanctions under § 1927, the panel finds that the two filings with their supporting documents referenced by the bankruptcy court in this case do not rise to that level.

A response to a motion for summary judgment and a motion to alter or amend a judgment are commonplace and anticipated in litigation. To grant § 1927 sanctions for the filing of such documents, a court must find the documents were objectively filed in bad faith, that is, that Grusin knew or should have known they were frivolous or would unnecessarily multiply the litigation. The bankruptcy court did not make such findings.

Second, while the Panel understands why the Response to the PSJ Motion and the Motion to Alter or Amend Judgment were perceived by the bankruptcy court to be unhelpful to it in determining whether Debtors' discharges should be denied, those documents were not frivolous. Nor can those documents, from an objective viewpoint, be determined to have been interposed

---

[15]The Panel is not finding that the bankruptcy court erred in its factual determination that Grusin engaged in "shadow representation" of Debtors in advocating that other assets were properly omitted from the schedules and SoFA, or in advocating any other strategy in Debtors' bankruptcy case and related adversary proceedings. There is evidence in the record to support the bankruptcy court's finding of fact on that issue. Also, as previously noted, the Panel is not opining on any allegation of malpractice by any attorney. This decision is solely confined to whether the bankruptcy court erred in sanctioning Grusin under Bankruptcy Rule 9011 and 28 U.S.C. § 1927.

for delay or to obstruct the litigation concerning Debtors' discharges. The adversary proceeding which sought to deny Debtors' discharges also sought a declaratory judgment that the Trusts which Grusin represented, and their assets, were property of the bankruptcy estate. While the Response raised the advice of counsel defense on behalf of Debtors, the bulk of that filing was spent explaining why under Tennessee law the nondisclosed assets were not property of the bankruptcy estate.[16] The defense posed by Debtors and Grusin's clients was that Debtors "relied upon the advice of their attorneys that [they] have correctly completed their petition, schedules, statement of financial affairs and amendments thereto . . . ." (Response to PSJ Motion at 1). Grusin and Townsend advocating for a declaration that the undisclosed property interests were not property of the bankruptcy estate in response to the PSJ Motion, while perhaps inapposite as relates to the PSJ Motion, was not objectively unreasonable. Presumably, Grusin advocated that position for the benefit of his clients, the Corporations, Trusts, and Debtors' children. His clients' interests were to keep those assets from being determined to be property of the bankruptcy estate.[17] Legally, from his clients' perspective, Debtors' discharges were of no concern.

Even if the bankruptcy court perceived the arguments posed by Grusin and Townsend in the Response to the PSJ Motion and the Motion to Alter or Amend to be unresponsive to the discharge issues, § 1927 sanctions are generally improper when a successful motion or response to the filing could have avoided any additional legal expenses to the opposing party. *Royal Manor*, 525 B.R. at 365 (quoting *Riddle v. Egensperger*, 266 F.3d at 553). Thus, either that defense to the PSJ Motion was irrelevant to the Motion and, thus, should have been easily dispensed with by opposing counsel and the court; or it was relevant and, therefore, could not have been frivolous. Accordingly, Grusin's litigation strategy in filing these documents, without more, is not the type of conduct that § 1927 was designed to redress.

---

[16]The Response, and its accompanying affidavit, appear to have been written from the vantage point of Grusin's clients -- the Corporations, Trusts, and Debtors' children -- with little focus on Debtors or their state of mind or personal knowledge. This point is highlighted by the fact that the conclusion of the Response requests that "the corporations, trusts, and adult children of the Debtors be dismissed from this proceeding as a matter of law since there are no facts in dispute." (Response to PSJ Motion at 23).

[17]The bankruptcy court specifically found that Grusin's actions were not "motivated by any purpose other than to try to obtain relief for his clients." (Order Granting Sanctions at 26).

Finally, sanctioning Grusin under § 1927 for his failure "to discuss the advice of counsel defense with [Debtors] and to advise them to consult and/or engage other counsel to assist them in evaluating that defense" when he was not counsel of record for Debtors is erroneous as a matter of law. Sanctions are warranted under § 1927 if counsel "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Rentz v. Dynasty Apparel Indus., Inc*., 556 F.3d 389, 396 (6th Cir. 2009) (citation omitted). As counsel of record for the non-debtor defendants in the adversary proceeding, Grusin's obligations to the court did not include the duty to advise Debtors and to consult with them as to the advice of counsel defense. The record shows Fullen was the named bankruptcy counsel, with Townsend sometimes signing filings on behalf of Debtors. The Response to the PSJ Motion was signed by Townsend on behalf of Debtors and by Grusin on behalf of the Corporations, Trusts, Katherine Blasingame Church, and Earl Benard Blasingame, Jr. While Grusin's and his clients' joinder in the Response to the PSJ Motion can be questioned since the PSJ Motion did not seek relief against Grusin's clients, the joinder in the Response does not render him responsible to the court for the failures of counsel noted by the bankruptcy court.[18]

## CONCLUSION

For the reasons set forth herein, the Panel concludes that the bankruptcy court erred in awarding Rule 9011 sanctions because Church Joint Venture did not comply with the safe harbor provision and the exception to the safe harbor provision does not apply to Grusin's actions. Additionally, the Panel concludes that the bankruptcy court erred in awarding sanctions pursuant to 28 U.S.C. § 1927 because the bankruptcy court's factual findings do not support the conclusion that Grusin vexatiously multiplied the proceedings. Accordingly, the Order Granting Motion for Sanctions entered by the bankruptcy court on July 16, 2014 and the Amended Order Setting Amounts of Additional Sanctions entered by the bankruptcy court on August 5, 2015 are vacated to the extent that they impose sanctions against Grusin.

---

[18]To be clear, the Panel need not and is not addressing through this decision what Grusin's responsibilities, if any, may have been to Debtors from an ethical, professional responsibility, or malpractice perspective. The Panel is only determining that Grusin did not violate Bankruptcy Rule 9011 and 28 U.S.C. § 1927 in failing "to discuss the advice of counsel defense with [Debtors] and to advise them to consult and/or engage other counsel to assist them in evaluating that defense." (Order Granting Sanctions at 4).