In re Kamal ABOUKHATER, Debtor.

Tony P. VAUGHN, Jr., Appellant,

v.

Kamal ABOUKHATER, Appellee.

BAP Nos. CC–92–1953–VJO,
CC–92–2298–VJO.
Bankruptcy No. LA–92–17506–CA.
Adv. No. LA–92–03676–CA.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted March 23, 1994.

Decided April 20, 1994.

Illyssa I. Fogel, Los Angeles, CA, for appellant.

Michael S. Kogan, Los Angeles, CA, for appellee.

Before VOLINN, JONES and OLLASON, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

These are consolidated appeals. The first order on appeal granted the debtor's motion to dismiss the creditor's adversary complaint, which asserted a claim of nondischargeability of his debt for fraud under § 523(a)(2)(A)

and objected to the debtor's discharge under § 727(a). The second order on appeal awarded attorney's fees to the debtor under § 523(d) as a prevailing consumer debtor in the initial proceedings. We REVERSE the order of dismissal, VACATE the order awarding attorney's fees, and REMAND for further proceedings.

## FACTS AND PROCEEDINGS BELOW

The adversary complaint of appellant-plaintiff-creditor, Tony P. Vaughn, Jr., alleges that the following occurred. On October 2, 1984, Vaughn loaned debtor Kamal Aboukhater $100,000. On that date, Aboukhater and Richard Festa (a non-party here) executed a promissory note in favor of Vaughn in the amount of $110,000. The note was due ten days later on October 12, 1984, and, in the event of non-payment when due, with interest to accrue thereafter at 15% per annum. The note was expressly unsecured.

On October 5, 1990, Vaughn sued Aboukhater and Festa in state court for failure to make payment on the promissory note, asserting additional common counts for money had and received, money lent, breach of contract, and a claim for conversion. To support his claim for conversion, Vaughn alleged that the defendants obtained the $100,000 "through the utilization of different tricks and devices," which "included oral representations and a promissory note," and that said acts were "willful, oppressive, fraudulent, and malicious."

Aboukhater was alleged to have moved eight times in an effort to avoid service, which was ultimately effected in October 1991. At some point after receiving service, Aboukhater told Vaughn that Vaughn would never get anything from him, that he owned nothing except his BMW, and that Vaughn would never locate a trust of which he was beneficiary.

Aboukhater filed a Chapter 7 petition on February 26, 1992, staying the state court lawsuit. In his bankruptcy schedules, he listed no income and no real property. He declared no transfers of property within one year prior to the filing. As personal property, he listed some $2,700 in goods and a 1991 Ford Explorer valued at $18,000, which secured an auto loan for some $21,000. He stated his monthly expenses to be $1,400. He listed as undisputed some $119,000 in liabilities, stated his intention to reaffirm some $74,700 in credit card and automobile loan debt, and listed Vaughn's debt as disputed.

Vaughn filed a "Complaint Objecting to Discharge" on June 22, 1992. The adversary complaint incorporated the state court complaint and further alleged that Aboukhater had an ownership interest in a $1.5 million residence, in which he lived rent-free, none of which was disclosed to the bankruptcy court; that although the home was owned by a Panamanian corporation, the initial title order showed the debtor's name as purchaser; that the home was furnished lavishly and the debtor had an undisclosed ownership interest in the furnishings. The complaint further alleged that the debtor had an undisclosed interest in a valuable "Gazelle" automobile, that the debtor was the beneficiary of an undisclosed substantial trust, and that he worked for and received undisclosed employment income from his father's corporation.

The complaint did not state expressly that the foregoing constituted estate property, or that nondisclosure was intentional and fraudulent. The complaint also alleged that the debtor failed to disclose transfer of an interest in a 1991 BMW within one year of filing his petition for the purpose of hindering, delaying and defrauding his creditors.

The adversary complaint recited as its statutory basis 11 U.S.C.[1] §§ 523(a)(2)(A), (excepting from discharge fraudulently incurred debt); 727(a)(2)(A) and (B), and 727(a)(4)(A), (B), and (C) (denying discharge for diversion of or failure to account for assets). The prayer for relief demanded that the debt be adjudged nondischargeable; the prayer did not explicitly demand that the debtor's discharge be denied.

On July 20, 1992, the debtor filed a motion to dismiss the complaint and for Rule 11 sanctions. Vaughn opposed the motion and

---

**1.** Unless otherwise stated, all references to "sections" refer to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. and to the Federal Rules of Bankruptcy Procedure, Rules 1001 et seq.

offered to amend for the purpose of clarification in his written response to the motion. At the hearing, counsel for the debtor contended that the facts alleged did not support a claim under § 523(a)(2)(A), with which the court agreed. Counsel noted that the prayer did not mention § 727 relief and that the complaint was essentially a § 523 complaint. During the hearing, counsel for the creditor requested leave to amend. The court denied this request *sub silentio* by granting the debtor's motion and dismissing the proceeding with prejudice. Creditor timely appealed the order.

In September 1992, the debtor brought a motion to recover his attorney's fees in the adversary proceeding based on § 523(d)[2], which allows recovery of costs and fees in cases of consumer debt. The debtor did not allege that the debt was consumer debt nor submit evidence to that effect. The creditor did not raise the issue in response to the motion. The trial court raised the issue *sua sponte* at the hearing. Counsel for the debtor contended that the creditor's failure to raise the issue in his response constituted waiver. The court accepted averment by both counsel that the debt arose from a loan to purchase real property improved by a home. The court declined to consider creditor's counsel's contention that the loan was of a commercial nature, in that the debtor represented to the creditor that he was purchasing the property to subdivide. Determining that a home mortgage is considered consumer debt, the court awarded attorney's fees to the debtor. Creditor timely appealed the order, and the two appeals were subsequently consolidated for review.

## ISSUES PRESENTED

The order dismissing the adversary proceeding raises two issues:

(1) Whether the trial court committed reversible error by dismissing the creditor's claim for nondischargeability of his debt, when allegations of fraud in the complaint

alleged acts that occurred subsequent to the transaction, and where allegations of fraud incorporated into the complaint from a prior state court proceeding are general conclusory statements.

(2) Whether the trial court committed reversible error by dismissing the creditor's objection to discharge where, while alleging statutory sections and facts relating to such objections, the creditor did not expressly allege that the debtor failed to disclose assets to the bankruptcy court on his schedules, and failed to state expressly that the undisclosed assets were estate property and that nondisclosure was intentional and fraudulent; further, where the creditor failed to demand expressly in his prayer for relief that the debtor's discharge be denied.

The order granting attorney's fees raises the following issues:

(1) Whether a pending objection to a discharge proceeding precludes an award of § 523(d) attorney's fees until discharge is ultimately resolved.

(2) In any event, whether a debtor is entitled to attorney's fees under § 523(d) when his motion fails to allege or demonstrate the consumer nature of the debt.

An additional issue is presented by the debtor's requests below and on appeal for attorney's fees as sanctions.

## STANDARD OF REVIEW

■ A dismissal for failure to state a claim upon which relief may be granted is a ruling on a question of law and as such is reviewed *de novo*. *Oscar v. University Students Co-operative Ass'n*, 965 F.2d 783, 785 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990); *In re Englander*, 92 B.R. 425, 427 (9th Cir. BAP 1988). Review is limited to

2. **Section 523(d).** If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

the contents of the complaint. *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.) *cert. denied,* —— U.S. ——, 113 S.Ct. 599, 121 L.Ed.2d 536 (1992); *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Buckey,* 968 F.2d at 794; *Love,* 915 F.2d at 1245. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101– 102, 2 L.Ed.2d 80 (1957); *Buckey,* 968 F.2d at 794; *Love,* 915 F.2d at 1245. However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.), *cert. denied,* 479 U.S. 1009, 107 S.Ct. 650, 93 L.Ed.2d 705 (1986).

■ Whether the debtor is entitled to attorney's fees under the procedural facts of the case is an issue of law to be reviewed *de novo.*

## DISCUSSION

Rule 7008(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 7009(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Debtor contended below that the complaint fails to state a claim because alternately, the complaint is incomprehensible and therefore unanswerable (Rule 7008(a)), and that the facts alleged fail to support the elements of the claims pursued (Rule 7009(b)).[3]

**3.** Debtor also relies on *In re Englander,* 79 B.R. 897 (Bankr.C.D.Cal.1987), *rev'd,* 92 B.R. 425 (9th Cir. BAP 1988), which dismissed a "menu pleading" complaint where the plaintiff merely recited the code section and alleged liability thereunder in a conclusory manner. Assuming the trial court's ruling was proper, *Englander* is not apposite. The issue in *Englander* was whether a creditor may rely on subsequent amendment of his menu pleading, when the clear purpose for filing the defective complaint was to avoid a motion for

## I. Section 523

■ The record indicates that the creditor failed to allege facts sufficient to support a claim under § 523, in that the fraudulent acts complained of were not part of the transaction through which money or property was obtained. The fraudulent acts complained of, concealment of assets, occurred subsequent to the transaction. Creditor's incorporation into his complaint in the adversary proceeding of allegations from his state court complaint in support of his conversion claim there, presumably as support for his present § 523(a)(2)(A) claim, does not remedy the defect. "[L]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." 2A Moore, *Moore's Federal Practice* ¶ 12.07[2.–5], at 12–84 to 12–85 (2d ed. 1994); *Jones v. Community Redevelopment Agency,* 733 F.2d 646 (9th Cir.1984) (dismissal was proper where complaint contained only conclusory allegations unsupported by specific facts). Terms such as "conversion," "tricks and devices," "willful," "oppressive," "fraudulent," and "malicious" are generic terms of a conclusory nature. Stating them serially in a complaint does not transmute them into fact. Without supporting factual allegations, these conclusions do not "show[ ] that the pleader is entitled to relief." Fed.R.Bankr.P. Rule 7008(a).

The creditor neither alleged at the trial level, nor made a showing on appeal, facts which could support a claim under § 523(a)(2)(A). The trial court's determination that the complaint did not support a claim thereunder was not error.

## II. Section 727

■ At the hearing, the determination seems to have centered on the creditor's failure to object expressly to discharge in the prayer for relief. This is insufficient to sup-

an extension of time to file. Aboukhater implies that Vaughn's complaint, filed close to the bar date, demonstrates such a bad faith purpose, and cites *Englander's* award of sanctions for the filing. However, the BAP reversed *Englander* for refusing to entertain the amended complaint. Although Vaughn's complaint is unartfully drafted, it is not an example of menu pleading. Facts are alleged which are relevant to the claims raised. The issue is whether the facts are sufficient to support the claims.

port dismissal. Fed.R.Civ.P. 8(f) requires that "All pleadings shall be so construed as to do substantial justice." "The purpose of this rule is to facilitate a decision on the merits, and to give notice to the adversary of the nature or basis of the claim brought against him and the general type of litigation involved." *In re Blewett,* 14 B.R. 840, 841–42 (9th Cir. BAP 1981) (internal and other citations omitted). Vaughn's complaint is captioned as a "Complaint Objecting to Discharge," and various subsections of § 727 are pled. The question is whether the facts alleged in the complaint can be construed to support a § 727 claim. Debtor asserts that they cannot.

As noted above, the contention is based on two arguments: vagueness and an ostensible demurrer to the facts alleged which purportedly demonstrates that the facts do not support a legal claim for fraud.

■ Debtor's vagueness contention is unpersuasive. As noted, the complaint, albeit not by specific language in the prayer, clearly objects to discharge. There is no question of vagueness in this respect, even though the trial court considered that the complaint was framed solely under § 523. Contrary to appellee's contentions, the body of the complaint does allege facts of nondisclosure necessary for an objection to discharge under § 727.

In order to support a claim under § 727(a)(2) the plaintiff must allege that:

the debtor, with intent to hinder, delay, or defraud a creditor ... transferred, removed, destroyed, mutilated, or concealed ...

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

In order to support a claim under § 727(a)(4) the plaintiff must allege that:

the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;.

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act;

■ Creditor has alleged that the debtor failed to disclose interests in property which would constitute concealment of property of the debtor, within one year of filing the petition, and property of the estate postpetition under § 727(a)(2); to wit:

1. Debtor has an ownership interest in his residence.

2. Debtor similarly has undisclosed interest in the furnishings of his residence, including valuable works of art and a grand piano.

3. Debtor is beneficiary of a trust, from which he receives income.

4. Debtor has an undisclosed interest in a "Gazelle."

5. Debtor receives employment income from his father's company.

6. Debtor concealed transfer of his interest in a 1991 BMW within one year of filing his petition.

7. Debtor is the registered owner of a Jeep.

The foregoing allegations, if true, would constitute some part of the requisite allegations for claims under § 727(a)(2)(A) and (B), in that they concern either property the debtor owned within one year of bankruptcy, or which is now property of the estate. The failure to reveal this property on his schedules would constitute a false oath or account. Considering the substantiality of the allegations, it may be inferred that such false oath or account was done knowingly and fraudulently, thus constituting elements under § 727(a)(4)(A).

■ Debtor contends that the alleged nondisclosures, even if true, are harmless because each element of the claim is not specifically alleged, particularly that there is no allegation that the undisclosed property is estate property. Non-estate property need not be disclosed in the debtor's schedules. *See, e.g., In re Portner,* 109 B.R. 977, 986 (Bankr.D.Colo.1989) (construing spendthrift

trust provision in undisclosed trust interest to determine character of property interest and overruling creditor's objection to discharge based upon debtor's nondisclosure). *Cf., Portner* at 989 n. 8, disapproving debtor's lack of candor for failure to disclose his trust interest. But these are factual issues which must be resolved in favor of the plaintiff on a motion to dismiss.

■ Debtor also contends that the complaint must allege expressly that the debtor's nondisclosure was intended to conceal. This appears to exalt substance over form. "A pleading, according to the liberal precepts of Rule 8, is to be judged by its substance rather than by its form or label." *Blewett* at 842 (citing 5 Wright & Miller, *Federal Practice & Procedure*, § 1286, p. 383). Although this is not a case of mislabeling, but rather arguably omitted elements of the claim, the missing elements appear implicit in the context of serious allegations of nondisclosure of significant assets.

■ In framing this latter aspect of argument in his motion to dismiss, debtor controverted the allegations, both express and implicit, in support of his contention that the undisclosed assets do not effectively allege a claim for nondischargeability. For example, debtor denied the existence of a trust and then argued that a "spendthrift trust" has an exempt status, denying the implicit allegation that property was fraudulently concealed. Creditor, however, alleged here a trust interest, which may be non-exempt if his claim is established. Denial of averments is inconsistent and inappropriate in a motion to dismiss. In effect, debtor finessed answering the complaint, by way of addressing the merits of creditor's claims in the motion to dismiss.

■ Facts were alleged by appellant with sufficient clarity to support claims which would require a response from the debtor. The creditor has alleged and contends that the debtor failed to disclose his interest in certain property for the purpose of concealment in order to hinder, delay, and defraud. The creditor's factual allegations and their necessary inferences adequately support an objection to discharge that requires a response from the debtor in the form of a formal answer to the complaint.

■ Where the language of the complaint may create a problem for the formulation of a specific response, this can be answered by a clarifying amendment setting forth further detail. The debtor's motion here would be more appropriately directed to Fed.R.Civ.P. Rule 12(e) providing for a more definite statement.[4]

■ Debtor contends that the creditor did not move to amend the complaint to clarify it and has lost the opportunity to do so. However, in the opposition to the motion to dismiss, and orally at argument, prior to the court's ruling, creditor's counsel offered to amend. Amendment was implicitly denied when the debtor's motion was granted. A party may amend his complaint once as a matter of right before a responsive pleading is filed. Rule 7015, Fed.R.Civ.P. 15(a). A motion to dismiss is not a "responsive pleading" within the meaning of the rule. *Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir.1971). The right to amend the complaint exists until a response is filed or final judgment is entered following dismissal. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984). In the instant case, while a final order has been entered and appealed, it would appear inequitable to deny the creditor an opportunity to amend his complaint to clarify it, when his counsel offered to do so at a time when the right to amend remained. Because the substance of the debtor's motion only supports a motion for a more definite statement, we reverse and remand with instructions to treat the motion to dismiss as a motion to clarify and direct the court to order the creditor to respond within ten days pursuant to the rule. "Such a ruling avoids the harsh penalty of

---

4. **Rule 12(e).** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

dismissal and at the same time recognizes the more liberal approach to pleading fraud in bankruptcy cases because of the short time frame in which such complaints must be filed." *In re Englander*, 92 B.R. 425, 428 (9th Cir. BAP 1988).

### III. The Attorney's Fees Award

Since the dismissal order is reversed, the fee award should be vacated until the status of the debtor's discharge is resolved. Section 523(d) allows fees to be awarded only when "such debt is discharged." If the debtor is denied a discharge, this event will not occur.

 Section 523(d) attorney's fees may be awarded only in cases of consumer debt, and the court could not have determined the nature of the debt without evidence or an allegation in the debtor's motion of the consumer character of the debt.[5] The issue of the consumer character of the transaction was not waived. When raised by the court, creditor's counsel denied that the debt arose from a consumer transaction. Debtor's counsel told the court that he expected the creditor to raise the issue in response to the motion. Counsel's contention is at odds with the requirement that he plead and prove the elements of his claim for attorney's fees for defending a consumer debtor. It would be anomalous for the creditor to plead and prove the debtor's claim against himself.

### IV. Rule 11 Sanctions

At the hearing on the motion to dismiss, the court inquired whether the creditor's counsel had conducted a Rule 2004 examination of the debtor or otherwise investigated the claims prior to filing the complaint.[6] Creditor did not conduct a 2004 examination. There may be evidence showing some basis for the debtor's assertion that the creditor filed his complaint without sufficient investigation. Debtor coupled his motion to dismiss with a request for Rule 11 sanctions. This request was not granted, and the issue has not been raised by cross-appeal, although it has been restated in appellee's brief. On remand, should the debtor ultimately prevail in this adversary proceeding, the Rule 11 issue of insufficient investigation prior to filing of the complaint may be revisited.

### CONCLUSION

Creditor alleged facts under § 727 sufficient to bar dismissal of his complaint. The complaint notifies the debtor of the nature of the conduct complained of and the remedy therefore. The order of dismissal is REVERSED and REMANDED for further proceedings wherein creditor may amend his complaint for clarification as required by the court. The attorney's fee award is VACATED. If creditor prevails on his claims, further proceedings under § 523(d) will be moot. The debtor should be permitted to amend his § 523(d) motion to allege the consumer nature of the debt, should occasion to resubmit it arise.

---

**5.** Although debtor's counsel made an offer of proof at the hearing that the funds were used to purchase a residential mortgage, Vaughn's counsel offered to prove the commercial character of the loan. An offer of proof saves any error in excluding evidence. *See* Barry Russell, *Bankruptcy Evidence Manual* § 103.7 (1993). An offer of proof cannot substitute for evidence; when a factual issue is joined, the issue cannot be resolved by making an offer of proof.

**6.** The examination under this Rule is not a substitute for discovery authorized in an adversary proceeding by the discovery rules, Bankruptcy Rules 7026–7037.... The scope of this Rule is designed to enable the parties of interest, primarily the trustee, to conduct an examination in addition to the examination of the debtor at the meeting of creditors concerning matters relating to the general administration of the estate, including matters relating to the debtor's right to a discharge of an individual debtor. But the examination was not designed to deal with matters of dischargeability which might be asserted pursuant to Code § 523.

. . . .

While the Rule is very broad, it is not a substitute for discovery and in any pending adversary proceeding, discovery must be conducted in compliance with the Rules of discovery. [Footnote omitted] This is an important distinction because in an examination under this Rule, there are no specific issues, no rules of evidence, no right to object, and no right to have counsel present.
*Norton Bankruptcy Rules Pamphlet 1993–94 Edition*, Rule 2004(c), editor's comment at 125–26.