NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0006n.06

Case No. 16-6776

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |  |
|---|---|---|---|
| In re EARL BERNARD BLASINGAME; | ) | | **FILED** |
| MARGARET GOOCH BLASINGAME | ) | | Jan 04, 2018 |
| | ) | | DEBORAH S. HUNT, Clerk |
| Debtors. | ) | | |
| | ) | | ON APPEAL FROM THE |
| _____ | ) | | BANKRUPTCY APPELLATE |
| | ) | | PANEL OF THE SIXTH CIRCUIT |
| CHURCH JOINT VENTURE, L.P., | ) | | |
| | ) | | OPINION |
| Plaintiff-Appellant, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| MARTIN A. GRUSIN, | ) | | |
| | ) | | |
| Respondent-Appellee. | ) | | |
| | ) | | |
| _____ | ) | | |
| | ) | | |

BEFORE: KEITH, McKEAGUE and STRANCH, Circuit Judges.

DAMON J. KEITH, Circuit Judge. This appeal arises from a judgment entered by the Sixth Circuit Bankruptcy Appellate Panel ("Panel") on November 7, 2016, vacating sanctions imposed against Appellee Martin Grusin by the U.S. Bankruptcy Court for the Western District of Tennessee on July 16, 2014.[1] On appeal, the Panel concluded that the bankruptcy court erred

---

[1] The bankruptcy court granted Church's motion for sanctions as to Grusin pursuant to Federal Rule of Bankruptcy Procedure 9011 and 29 U.S.C. § 1927, but did not specify the exact amount of the monetary sanction imposed. The bankruptcy court subsequently ordered the parties to supplement the record with a sufficient description of the monetary amount requested. On August 1, 2014, the bankruptcy court entered an Order Setting Amounts of

in imposing sanctions under Federal Rule of Bankruptcy Procedure 9011 ("Rule 9011") because Appellant Church Joint Venture, L.P. ("Church") failed to comply with the "safe harbor" provision of the Rule and Appellee's actions did not fall within Rule 9011(c)(1)(A)'s narrow exception for "the filing of a petition in violation of subdivision (b)." The Panel also concluded that the bankruptcy court erred in imposing sanctions under 28 U.S.C. § 1927 because the factual record did not support a finding that Grusin vexatiously and unreasonably multiplied the proceedings.

On appeal from the Panel's decision, Appellant Church alleges that the Panel erred in vacating the order imposing sanctions under Rule 9011 and 28 U.S.C. § 1927. Independently reviewing the decision of the bankruptcy court for error, we vacate and reverse the bankruptcy court's decision and affirm the decision of the Panel.

**I.**

In July and August of 2008, Debtors Earl and Margaret Blasingame sought advice from their long-time acquaintance Martin Grusin regarding a "financial crisis" they encountered in 2008 after garnishment proceedings were initiated by Church. Debtors explained that the majority of their assets were held in family trusts and Grusin advised Debtors that "assets belonging to the trusts or corporations would not be reachable by the Debtors' personal creditors under Tennessee [t]rust law." Prudently, Grusin also advised Debtors that he was not an expert in bankruptcy law, nor was he qualified to file a bankruptcy petition on their behalf, and subsequently introduced Debtors to Tommy L. Fullen, an experienced bankruptcy attorney in the Memphis area. Fullen, who was retained by Debtors to represent them during the bankruptcy proceedings, filed the Chapter 7 petition on Debtors' behalf on August 15, 2008.

---

Additional Sanctions, setting the monetary amount of the sanctions imposed. This Order was later amended. *See In re Blasingame*, 559 B.R. 676, 683 (B.A.P. 6th Cir. 2016).

During discovery, Church and the appointed Trustee determined that several trusts and other assets possessed by Debtors as co-trustees were not disclosed in the schedules and statement of financial affairs ("SOFA") filed with the initial petition.[2] Church, as creditor and the party of interest in the underlying litigation, along with another creditor and the Trustee subsequently filed an adversary complaint objecting to Debtors' discharge and alleging claims of fraudulent concealment, *inter alia*. Church filed a Motion for Partial Summary Judgment of Discharge Issues, to which Appellee Grusin and Joseph T. Townsend, an attorney affiliated in some capacity with the Law Offices of Tommy L. Fullen, filed a joint response on behalf of their respective clients. On February 22, 2011, the bankruptcy court granted Church's motion and denied Debtors' petition for discharge due to their violations of 11 U.S.C. § 727(a)(4) and (5) for failure to disclose the totality of their trust income and other assets.

On March 8, 2011, Townsend, on behalf of Fullen's office, filed a Motion to Alter or Amend Judgment, accompanied by two affidavits, signed by Grusin and Fullen, respectively, which explained that Debtors' failure to disclose the entirety of their trusts and assets was, in large part, the result of reliance on information provided by Grusin and Fullen regarding the inclusion of trusts in the bankruptcy estate. The bankruptcy court denied the aforementioned motion. During the pendency of the court's determination of the Motion to Alter or Amend Judgment, Church filed a Motion to Disqualify both Fullen and Grusin as counsel for Debtors and the related entities.[3] The bankruptcy court granted the motion.[4]

---

[2] Appellee Grusin represented the non-debtor entities at the discharge phase of the proceedings.

[3] The motion also referenced Grusin and Fullen's firms, presumably a reference to Townsend, who filed Debtors' Response to the Motion for Partial Summary Judgment on Fullen's behalf. The response was also signed by Grusin. *See In re Blasingame*, 559 B.R. at 680 n.6.

[4] On January 30, 2012, the bankruptcy court granted Church's Motion for Derivative Standing, allowing Church to bring a malpractice action against Grusin and Fullen.

In July and August of 2012, the bankruptcy court held evidentiary hearings on Debtors' Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b), filed by Debtors' newly retained counsel, David Cocke. Following the evidentiary proceedings, during which Grusin testified regarding the advice he provided to Debtors, the bankruptcy court entered a provisional order granting the motion but directed Debtors that they must obtain a remand from the Panel before a final judgment could be entered. *See In re Blasingame*, 559 B.R. at 681 n.8. Upon remand from the Panel, on April 8, 2013, the bankruptcy court entered a Final Order Granting the Motion for Relief of Judgment. *Id*. Following the bankruptcy court's order granting relief from judgment, the parties proceeded to trial on the discharge action.

On March 31, 2014, Church filed its Motion for Sanctions against Fullen and Grusin, alleging violations of Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927. A hearing on the motion was held on May 21, 2014, during which Church offered evidence in support of its contention that Fullen and Grusin were negligent in their handling of the underlying proceedings and requested payment of attorney fees, costs and expenses associated with various stages of the proceedings, specifically the Rule 2004 proceedings, and filings responsive to Debtors' Response to the Motion for Partial Summary Judgment, the Motion to Alter or Amend Judgment, and the Motion for Relief from Judgment.[5] At the conclusion of the motion hearing, the bankruptcy court ordered the parties to provide "references to testimony in the court's record regarding the circumstances under which the chapter 7 petition was filed" and

---

[5] Church also requested that Fullen and Grusin be ordered to

> disgorge all fees and/or property received from Debtors for legal services related to the case, attend 25 hours of ethics courses, provide 40 hours of *pro bono* work and make a $5,000 donation to a local *pro bono* or legal services organization or program . . . [and] that Fullen and Grusin be banned from practicing law in the bankruptcy court for the Western District of Tennessee and be referred to the State Bar of Tennessee for additional discipline.

*In re Blasingame*, 559 B.R. at 682.

evidentiary support for the amount of monetary sanctions requested. On July 16, 2014, after receipt of the requested supplementation, the bankruptcy court entered an Order Granting Motion for Sanctions, ordering Grusin to disgorge any fees paid or funds transferred to him by Debtors, pay $20,000 to the Trustee and complete fifteen hours of continuing legal education training, pursuant to Rule 9011. Additionally, Grusin was ordered to pay Church and the Trustee an additional amount in fees and expenses pursuant to Section 1927, which was later set at a total of almost $75,000 in the bankruptcy court's Amended Order Setting Amounts of Additional Sanctions, entered on August 4, 2014. Grusin subsequently appealed the Order Granting Church's Motion for Sanctions to the Panel. On November 7, 2016, the Panel vacated the bankruptcy court's orders imposing sanctions against Grusin. Church now seeks review of the Panel's decision.

## II.

This court independently reviews the underlying decision of the bankruptcy court when the decision has been appealed to the Bankruptcy Appellate Panel. *See B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 935 (6th Cir. 2010) (citing *Tidewater Fin. Co. v. Curry* (*In re Curry*), 509 F.3d 735, 735 (6th Cir. 2007)). We review the bankruptcy "court's sanctions award for an abuse of discretion, its factual findings for clear error, and its conclusions of law de novo." *Grossman v. Wehrle* (*In re Royal Manor Mgmt., Inc.*), 652 F. App'x 330, 337 (6th Cir. 2016) (internal citations omitted).

"An abuse of discretion is defined as a definite and firm conviction that the court below committed a clear error of judgment." *Barlow v. M.J. Waterman & Assocs.* (*In re M.J. Waterman & Assocs.*), 227 F.3d 604, 607–08 (6th Cir. 2000) (internal quotation marks, brackets, and citations omitted); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)

("When an appellate court reviews a [lower] court's factual findings, the abuse-of-discretion and clearly erroneous standards are indistinguishable: A court of appeals would be justified in concluding that a district court had abused its discretion in making a factual finding only if the finding were clearly erroneous.").

## III.

On appeal, Church challenges the Panel's determination to vacate the bankruptcy court's imposition of sanctions under both Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927.  We address each issue in turn.

## A.

The bankruptcy court found that Grusin's role as "shadow" counsel in advising Debtors Earl and Margaret Blasingame that they need not include certain asset disclosures in their prospective bankruptcy petition warranted the imposition of sanctions under Rule 9011.  Federal Rule of Bankruptcy Procedure 9011 provides, in relevant part:

> (b) Representations to the court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, *except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).* If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

Fed. R. Bankr. P. 9011 (emphasis added).

The bankruptcy court noted that while it acknowledged Church's failure to comply with the 21-day safe harbor provision of Rule 9011, Grusin's "shadow representation of the Debtors," which included involvement in drafting the bankruptcy schedules and SOFA documents and later advocating for them, subjected him to sanctions under Rule 9011(c)(1)(A)'s exception for his involvement in the filing of the petition. On appeal, the Panel rejected the bankruptcy court's analysis and concluded that because evidence in the record demonstrated that Fullen, as retained counsel for Debtors, filed the petition, rather than Grusin, the exception outlined in Rule 9011(c)(1)(A) was inapplicable to Grusin's alleged misconduct.

Church argues that the Panel erred in vacating the decision of the bankruptcy court and contends that Rule 9011 permits the court to sanction "even the party who influences filing of the bankruptcy petition," conceding that it failed to comply with the 21-day safe harbor provision

and that sanctions under Rule 9011 would only be applicable to Grusin under the narrow exception provided for "filing of a petition."

In opposition, Appellee contends that the bankruptcy court abused its discretion by imposing sanctions based on a clearly erroneous factual finding that he was responsible for the initial filings in the bankruptcy petition. Appellee further contends that the bankruptcy court erroneously applied Rule 9011's safe harbor provision and abused its discretion by granting Church's requested sanctions well after it disposed of motions which allegedly gave rise to the Rule 9011 violation.

Church's primary contention in support of the bankruptcy court's decision is that the sanctions provided for in Rule 9011 apply not only to attorneys of record, but to any party, attorney or law firm that violates subdivision (b) of the Rule. This argument, however, is improperly focused on the actor rather than the alleged misconduct. Had Church complied with the safe harbor provision, a requisite precondition to filing most motions for sanctions, perhaps a discussion regarding sanctionable parties under Rule 9011 would be appropriate. However, here, Church has failed to comply with the safe harbor provision; therefore, we look directly to the conduct contemplated in Rule 9011(c)(1)(A) to determine whether Grusin's conduct falls within this narrow exception to the safe harbor provision.

The exception states that only where the "conduct alleged is the filing of a petition," can a motion for sanctions be filed or presented to the court without first complying with the 21-day safe harbor provision. Fed. R. Bankr. P. 9011(c)(1)(A). Church asserts that as "the de facto attorney" for Debtors, Grusin was responsible for the errors contained in the filed petition, and that his actions fits squarely within the conduct contemplated and sought to be deterred by Rule 9011.

- 8 -

Upon review of the record, there is no evidence to support a finding that Grusin filed the petition. What is evident from the record is Fullen's acceptance of full responsibility for the filing of the petition and the information included in the accompanying schedules and SOFA documents. In his affidavit filed in support of the Motion to Alter or Amend Judgment, Fullen stated: "I represent the Debtors, Earl Bernard Blasingame and Margaret Gooch Blasingame. I met with them and prepared the bankruptcy petition, schedules and statement of affairs for them to file." During direct examination at the discharge proceedings, Fullen went on to testify, "I made that decision," in response to questioning concerning his reliance on Grusin's opinion or advice with respect to whether the trusts needed to be disclosed in the bankruptcy schedules. In light of these representations, we find no support for the contention that Grusin filed the petition, under the plain reading of the Rule.

Alternatively, Church asserts that Grusin "exerted influence over the content of the filed petition," which positioned him as the party *responsible* for the filing of the petition, even if he did not directly file the petition himself. As noted in the case before the Panel, Church has failed to cite any legal authority indicating that conduct other than the filing of the petition falls within Rule 9011(c)(1)(A)'s exception to the safe harbor provision. Nor can we find support for that position upon independent review. Under certain circumstances, an individual who orchestrated or masterminded a frivolous or bad-faith filing but did not sign it properly may be sanctioned under Rule 9011. *See, e.g.*, *Schwartz v. Kujawa*, 270 F.3d 578 (8th Cir. 2001) (approving the award of attorney's fees as a Rule 9011 sanction against an attorney who did not sign the petition but "helped to identify creditors, provided some details about [the debtor's] financial dealings, and may have assisted . . . in preparing" an involuntary petition filed against a former client); *In re Evergreen Sec., Ltd.*, 384 B.R. 882, 930 (Bankr. M.D. Fla. 2008), *aff'd*, 391 B.R. 184 (M.D.

Fla. 2008), *aff'd*, 570 F.3d 1257 (11th Cir. 2009) ("An attorney may be sanctioned pursuant to Rule 9011 even though the attorney did not sign the paper but orchestrated its filing."). But these cases do not interpret the scope of the safe harbor exception, and we decline to expand their reach. Even if they were relevant, these cases do not go so far as to hold that merely "exert[ing] an undeniable influence" over the Debtors and their attorney or "clearly affect[ing] the filing"— the conduct alleged here—is sufficient to justify sanctions.

Irrespective of Grusin's continued involvement in the underlying bankruptcy proceedings, the record reflects that Fullen, as counsel of record and signatory to the petition, was the party responsible for filing the petition. Without evidentiary support or legal authority placing Grusin's conduct within the purview of Rule 9011(c)(1)(A), the bankruptcy court erred in finding that Grusin's conduct fell within the narrow exception. Thus, without an applicable exception, the bankruptcy court abused its discretion by granting Church's motion for sanctions under Rule 9011 where Church failed to comply with the safe harbor provision. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) (holding that parties' failure to comply with the safe harbor provision of Rule 9011's counterpart in the civil context, Rule 11 of the Federal Rules of Civil Procedure, will result in a denial of a motion for sanctions); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (same).

**B.**

Next, Church challenges the Panel's determination that the bankruptcy court erred in finding that Grusin's filing of two motions and accompanying affidavits "vexatiously and

unreasonably multiplied the proceedings," warranting sanctions under 28 U.S.C. § 1927 ("Section 1927").[6] Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Sixth Circuit standard for imposing sanctions under Section 1927 was established in *Jones v. Continental Corp.*, and provides that:

> 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for "unreasonable and vexatious" multiplication of litigation despite the absence of any conscious impropriety . . . . Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

789 F.2d 1225, 1230 (6th Cir. 1986).[7]

The imposition of sanctions pursuant to Section 1927 "require[s] a showing of something less than subjective bad faith, but something more than negligence or incompetence. Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citations omitted). "Bad faith is not required to support a sanction under § 1927." *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009) (quoting *Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818, 824 (6th Cir. 2000)).

---

[6] Church also sought sanctions pursuant to the court's "inherent power" to impose sanctions for abuse of the litigation proceedings. The bankruptcy court did not rely on its inherent power to impose sanctions against Appellee Grusin or Fullen.

[7] While no published decision of this court addresses the question of whether bankruptcy courts are "court[s] of the United States" for the purposes of Section 1927, the parties have not raised the issue here. We therefore follow this court's practice in a series of unpublished decisions and assume such sanctions are available. *See Grossman*, 652 F. App'x at 341–42; *Followell v. Mills*, 317 F. App'x 501, 513–14 (6th Cir. 2009); *Maloof v. Level Propane Gasses, Inc.*, 316 F. App'x 373, 376–77 (6th Cir. 2008) (per curiam).

The bankruptcy court found that, as a result of Grusin's involvement during the adversary proceedings, "numerous [Bankruptcy Rule] 2004 examinations were required," "Plaintiffs and the court were put to unnecessary effort and expense," and "litigation concerning the Debtors' discharge was made necessary as the direct result of the errors and omissions in Debtors' schedules and statement of financial affairs."[8]  Accordingly, the bankruptcy court found that sanctions pursuant to Section 1927 were appropriate to compensate Church and the Trustee for attorneys' fees and costs incurred as a result of: (1) the Response to the Motion for Partial Summary Judgment; (2) the Motion to Alter or Amend Judgment, and the corresponding affidavits of Grusin and Fullen; and (3) any filings made in response to Appellee's Motion for Relief from Judgment, filed by newly retained counsel, excluding the Motion to Disqualify.

Upon review of the bankruptcy court's decision, the Panel concluded that the evidence supporting the bankruptcy court's justification for imposing sanctions against Grusin was insufficient.  First, it found that the filing of the two motions, and the attached affidavits, did not rise to the level of frivolity which typically establishes grounds for sanctions under Section 1927.  Moreover, in applying the appropriate standard, the Panel noted that the record was devoid of any finding by the bankruptcy court that the motions were presented before the court in bad faith or that Grusin knew or reasonably should have known that the motions were frivolous.  In fact, Grusin maintained the accuracy of the instruction given throughout the proceedings until the discharge hearing.  Nevertheless, Church argues that Grusin knew or should have known that his inaccurate instruction and erroneous advice would unreasonably or vexatiously multiply the proceedings.

---

[8] The bankruptcy court noted later in its order that the Bankruptcy Rule 2004 examinations would have likely been conducted irrespective of Appellee Grusin's involvement in the proceedings.

At the outset, one might presume that the involvement of an admittedly unqualified lawyer in a rather complex bankruptcy matter typifies the sort of misconduct contemplated by Section 1927. However, upon closer examination of Grusin's actual involvement in the litigation process, the record reflects that his conduct is most aptly described as a good faith, yet unknowledgeable, provision of legal advice to individuals who were represented by experienced counsel. First, the bankruptcy court found (albeit not in the context of Section 1927) that Grusin's "conduct falls short of subjective bad faith," and we will defer to that finding of fact. Second, Grusin's substantive position—that assets held in spendthrift trusts and corporations are not part of the bankruptcy estate and so need not be disclosed—is not entirely unsupported in caselaw. *See In re Lucas*, 924 F.2d 597, 600 (6th Cir. 1991) ("[P]roperty of a debtor falling within the definition of this exception [for a valid spendthrift trust] is excluded from the bankruptcy estate."); *see also Vaugh v. Aboukhater* (*In re Aboukhater*), 165 B.R. 904, 910–11 (B.A.P. 9th Cir. 1994) ("Non-estate property need not be disclosed in the debtor's schedules."). Third, there is no indication in the record that Grusin continued to advise the Debtors against disclosure after the bankruptcy court held that his legal position was incorrect.

As this court articulated in *Red Carpet Studios*, negligence or incompetence alone is not enough to warrant the imposition of sanctions under Section 1927. In accord with the Panel's decision, we find the underlying record insufficient to support the bankruptcy court's finding that Grusin's conduct—filing the aforementioned motions—was frivolous, or that the filing of these responsive motions unreasonably or vexatiously multiplied the proceedings, particularly where Debtors' counsel claimed full responsibility for filing the defective petition and schedules that

initiated the discharge proceedings and the bankruptcy court found that at least some of those proceedings most likely would have ensued with or without Grusin's involvement in the case.[9]

## IV.

For the foregoing reasons, the decision of the Panel to vacate the bankruptcy court's imposition of sanctions is affirmed.

---

[9] Because the imposition of sanctions was erroneous under both Rule 9011 and Section 1927, we do not reach Appellee's claims regarding the excessiveness of the monetary amount imposed or the timeliness of the imposition of sanctions.