NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0039n.06
Filed: January 12, 2007

Nos. 05-4179 & 06-3361


## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT


| | | |
|---|---|---|
| RANDOLPH F. LEGAIR, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CIRCUIT CITY STORES, INC., | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants-Appellees. | ) | |


Before: MARTIN and COOK, Circuit Judges; TARNOW, District Judge.[*]


TARNOW, District Judge. Plaintiff Randolph Legair sued Circuit City Stores,

Inc., for racially discriminatory practices in violation of Title VII of the Civil Rights

Act (42 U.S.C. § 2000e, *et seq*.). In this consolidated appeal, Legair challenges the

District Court's grant of defendant's motion to compel arbitration, and its

_____

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of
Michigan, sitting by designation.

–1–

confirmation of the arbitrator's award. Plaintiff's counsel appeals the amount of attorney fees awarded as a sanction against him for contempt. For the reasons that follow, we AFFIRM the District Court's rulings on all issues.

I

Plaintiff Randolph Legair, an African-American male, began working for Circuit City in Miami, Florida in 1989. In February 1995, Circuit City implemented a new policy, mandating binding arbitration for employee dispute resolution.

The program was introduced to employees via video meetings and information packages. The program was mandatory for new hires, but voluntary for existing employees. However, existing employees were informed that they would be bound by the new program unless they opted out of it. Opting out required sending a form to Circuit City within 30 days of receiving the program information. Plaintiff signed a form indicating that he understood his obligations in respect to the opt-out provision. However, he did not send Circuit City an opt-out form.

Plaintiff moved to Ohio in 1997, and continued working for defendant. In April 2000, plaintiff was terminated. He filed a complaint in August 2001 in state

court, alleging both breach of contract and racially discriminatory practices in violation of Title VII (42 U.S.C. § 2000e) and Ohio's analogous provisions (Ohio Rev. Code Ann. §§ 4112.02(A) and 4112.99). Defendant removed the action to the Southern District of Ohio, and moved to compel arbitration.

The district court reserved its ruling on defendant's motion until the Sixth Circuit ruled in *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003), because it addressed the same arbitration agreement at issue. The *Morrison* decision was released in January 2003. It held that the Circuit City dispute resolution program was not unconscionable, and was enforceable. *Id.* at 667. In May 2003, the district court granted defendant's motion to compel arbitration, and stayed all other proceedings.

Plaintiff's motions for reconsideration and relief from judgment were denied. An appeal to the Sixth Circuit was dismissed. An arbitrator was named in June 2004. Plaintiff's counsel resisted the arbitration process, by failing to conduct discovery, seeking to have the arbitrator removed for alleged bias, and refusing to participate in scheduled conferences or hearings.

A week before the arbitration hearing, the plaintiff sought to dismiss the arbitration. The arbitrator conditioned accepting the dismissal on receipt of a signed writing from the plaintiff, indicating that plaintiff had been advised of the legal ramifications of a dismissal with prejudice. No writing was provided. The arbitrator proceeded with the scheduled arbitration hearing. He ruled for the defendant.

In July 2005, the district court ruled on a number of motions, including the plaintiff's motion to remove and replace the arbitrator and stay the arbitration. *Legair v. Circuit City Stores, Inc.*, 2006 WL 278405, 97 Fair Emp. Prac. Cas. (BNA) 1470 (S.D.Ohio, Feb. 03, 2006). It confirmed the arbitrator's award, finding it "solidly based in the facts and law." *Id*. at *6.

In its July 2005 Opinion and Order, the district court also granted defendant's motion for contempt sanctions against plaintiff's counsel. It ordered counsel to compensate the defendant for excess costs associated with three specified motions.

In February 2006, the district court ordered plaintiff's counsel to pay defendant's fees of $7,822, according to an itemized schedule. Plaintiff's counsel challenged the fee as excessive, and claimed in an affidavit that any sanction over several hundred dollars was likely to bankrupt him. However, he provided no

additional supporting documentation of his financial status. Counsel's appeal of the sanctions order was consolidated with the plaintiff's.

II

A

An order to compel arbitration is reviewed *de novo*. *Morrison*, 317 F.3d at 665. When a district court decides to confirm or vacate an arbitration award, the appellate court "review[s] its legal conclusions *de novo* and its factual findings for clear error." *International Brotherhood of Teamsters, Local 519 v. United Parcel Service, Inc.*, 335 F.3d 497, 503 (6th Cir. 2003). However, review of arbitration awards is extremely deferential, and the Federal Arbitration Act presumes confirmation. *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). The award should only be vacated if a party demonstrates manifest disregard of the law, or that one of the few available statutory grounds are met. *Id*. (citing *Glennon v. Dean Witter Reynolds, Inc.*, 83 F.3d 132, 136 (6th Cir.1996); 9 U.S.C. § 10(a) (1994)).

Plaintiff Legair claims the district court erred when it granted defendant's motion to compel arbitration. Courts are obligated to enforce an arbitration

agreement unless grounds exist to revoke it. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The agreement to arbitrate here was valid and enforceable.

*Morrison* applied Ohio law, and found the arbitration agreement to be enforceable, and not unconscionable. 317 F.3d at 666. The court expressed concerns about the fairness of some of the terms (for example, it struck a remedy limitation provision as unenforceable but severable*, id*. at 670). *Id*. However, the absence of procedural unconscionability led the court to conclude that the agreement overall was enforceable. *Id.*

The factors to determine procedural unconscionability include relative bargaining position, age, education, experience, and whether terms were explained to the weaker party. *Id*. As in *Morrison*, the circumstances here do not establish unconscionability. On the issue of experience, Plaintiff was a manager for Circuit City for several years before the program was introduced. In addition, Circuit City made an extensive effort to explain the program's terms, using video meetings, information packages, and phone numbers for employee questions. It expressly suggested, and provided a thirty day window for, consulting one's own attorney. The program was not unconscionable.

Plaintiff argues further that the arbitration agreement lacks consideration. But the *Morrison* court said that because Ohio law finds consideration in a "detriment to the promisee," the program's time and notice requirements limiting modification constituted consideration. *Id*. at 668.

Plaintiff also claims that arbitration agreements imposed on existing employees are unenforceable. However, the cases on which he relies are distinguishable. *See Trumbull v. Century Marketing Corp.*, 12 F. Supp. 2d 683 (N.D.Ohio 1998) (an arbitration agreement was unenforceable because the language was buried in a 60-page handbook. It also lacked consideration because the employer retained an unfettered right to modify its agreement at any time without notice); *Lee v. Red Lobster*, 92 Fed. App'x 158, 163 (6th Cir. 2004) (where the employee made clear to management her unwillingness to be bound, the arbitration agreement would not be enforced).

By contrast, the plaintiff here signed a form indicating that he understood his obligations if he chose not to participate in the program. He then failed to take the required action to opt out. Further, he never informed management that he did not

accept the program. The district court correctly found that plaintiff by his conduct demonstrated his agreement to be bound.

The district court also did not err in confirming the award. The only grounds for vacating or modifying an arbitration award are either statutory or "manifest disregard." *Dawahare*, 210 F.3d at 669. Neither was proved.

B

The imposition of sanctions under Fed. R. Civ. P. 11 is reviewed for abuse of discretion. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002) (citing 28 U.S.C. § 1927; *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir.1997)). However, courts have "wide discretion" to select the appropriate sanction. *Jackson v. The Law Firm of O'Hara, Ruberg, Osborne, and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989) (citations omitted).

Sanctions are appropriate when "an attorney . . . intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). The amount of sanctions should be determined

–8–

by the primary consideration of deterrence. *Jackson*, 875 F.2d at 1229. Compensation for loss caused is an additional goal. *Id*. Because of that primary focus, the court should impose "the least severe sanction that is likely to deter." *Id*.

A district court that fails to inquire into the sanctioned party's ability to pay abuses its discretion. *Id*. at 1230. However, when courts evaluate an attorney's ability to pay, the burden of proof is on the sanctioned party to provide evidence of financial status. *See DiPaolo v. Moran*, 407 F.3d 140 (3d Cir. 2005); *Johnson v. A.W.Chesterton, Co.*, 18 F.3d 1362 (7th Cir. 1994); *Dodd Ins. Services, Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152 (10th Cir. 1991). An unsupported claim regarding financial status is clearly insufficient. *Dodd*, 935 F.2d at 1160. Even in the case of a proven total inability to pay, a court may still impose modest sanctions, because the purpose is to deter future misconduct in litigation. *Id*.

The district court properly inquired into counsel's financial status and ability to pay. The sole evidence provided was counsel's own affidavit, asserting that a sanction greater than several hundred dollars would likely bankrupt him. He provided no supporting documentation, nor, as the court observed, any evidence of

income or net worth. With only this conclusion of his financial status, counsel failed to meet the sanctioned party's burden of proof.

According to *Dodd*, even if plaintiff's counsel had met his burden of demonstrating financial status, it was still within the court's discretion to impose the sanction it felt it necessary to serve the cause of deterrence. The court's award to the moving parties is not an abuse of discretion.

III

We affirm the district court's judgment on all issues.