RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19b0008p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: LINDA J. LANE,

                                                    *Debtor*.

_____

SARAH DEAN; KEVIN DEAN,                                   Nos. 18-8038/8040

                                                    *Appellants*,

        *v*.

LINDA J. LANE,

                                                    *Appellee*.

Appeal from the United States Bankruptcy Court
for the Western District of Kentucky at Louisville.
No. 3:17-bk-32237—Joan A. Lloyd, Judge.

Decided and Filed: August 30, 2019

Before: BUCHANAN, DALES, and WISE, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:** Neil C. Bordy, SEILLER WATERMAN, LLC, Louisville, Kentucky, for
Appellee. Kevin Dean, Sarah Dean, Mount Washington, Kentucky, pro se.

_____

## OPINION

_____

SCOTT W. DALES, Bankruptcy Appellate Panel Judge. The appellants in this case,
Sarah and Kevin Dean (the "Deans" or the "Appellants"), by two separate appeals challenge the
orders of the Bankruptcy Court for the Western District of Kentucky ("Bankruptcy Court")
finding them in contempt and issuing sanctions, as well as orders denying motions for

reconsideration. The current appeal is just the latest in a series of appeals emanating from the chapter 13 bankruptcy case of Linda J. Lane (the "Debtor" or "Appellee"), which has turned out to be an especially vexing proceeding for the parties and the courts.

## STATEMENT OF ISSUES

In their Appellants' Designations of Record and Statements of Issues to be Presented on Appeal, the Deans list numerous issues on appeal. Many of the issues they did not address in their briefing; other issues are not fully developed on appeal or are unrelated to the orders that are currently before the Panel. As to these unbriefed or underdeveloped issues, the Panel will not address them because "[i]t is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Church Joint Venture, L.P. v. Bedwell* (*In re Blasingame*), 598 B.R. 864, 874 (B.A.P. 6th Cir. 2019) (quoting *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted)). In each appeal, the Panel has fully considered the salient issue, that is, whether the Bankruptcy Court erred in imposing sanctions against the Deans.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP" or the "Panel") has jurisdiction to decide this appeal. The United States District Court for the Western District of Kentucky has authorized appeals to the Panel, and the parties did not elect to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). The Bankruptcy Court's order imposing sanctions is a final, appealable order. *See In re Martin*, 474 B.R. 789 (table), 2012 WL 907090, at *1 (B.A.P. 6th Cir. Mar. 7, 2012); *see also B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 936 (6th Cir. 2010). "An order imposing [Federal] Rule [of Bankruptcy Procedure] 9011 sanctions is only final upon assessment of fees and expenses." *Hoover v. Jones* (*In re Jones*), 546 B.R. 12, 15 (B.A.P. 6th Cir. 2016). The Bankruptcy Court's order denying the Appellants' motions for reconsideration is also a final, appealable order. *Hamerly v. Fifth Third Mortg. Co.* (*In re J & M Salupo Dev. Co.*), 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008).

The Panel reviews a bankruptcy court's imposition of sanctions for abuse of discretion. *Wingerter*, 594 F.3d at 936.  Likewise, "[t]he denial of a motion for reconsideration is reviewed for abuse of discretion." *In re Burrage*, 464 B.R. 61(table), 2011 WL 6155716, at *1 (B.A.P. 6th Cir. Nov. 18, 2011).  The Panel will find an abuse of discretion when, after careful review, it has a "definite and firm conviction that the [court below] committed a clear error of judgment." *Mayor and City Council of Baltimore, Md. v. W. Va. (In re Eagle–Picher Indus., Inc.*), 285 F.3d 522, 529 (6th Cir. 2002) (internal quotation marks and citation omitted).

The Panel has elaborated on this standard of review in the sanctions context as follows:

> Sanctions based upon an erroneous view of the law or an erroneous assessment of the evidence are necessarily an abuse of discretion.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461, 110 L. Ed.2d 359 (1990); *Salkil v. Mount Sterling Tp. Police Dept.*, 458 F.3d 520, 527–28 (6th Cir. 2006).  *See also Parrott v. Corley*, 266 F. App'x. 412, 415 n.1 (6th Cir. 2008) (arguments concerning an error in statutory interpretation or due process related to sanctions are reviewed de novo).

*Montedonico v. Blasingame (In re Blasingame)*, 559 B.R. 676, 679 (B.A.P. 6th Cir. 2016), *aff'd*, 709 F. App'x 363 (6th Cir. 2018) (quoting *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 346 (B.A.P. 6th Cir. 2015), *aff'd sub nom. Grossman v. Wehrle (In re Royal Manor Mgmt., Inc.*), 652 F. App'x 330 (6th Cir. 2016)).  Nevertheless, "[t]he abuse of discretion must be more than harmless error to provide cause for reversal. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004) (citations omitted)." *Id*. at 679.

With this recent guidance in mind, the Panel turns to the merits of the current appeals.

**FACTS**

In June 2014, the Debtor sold her home to the Deans.  After the closing, the Deans discovered mold in the basement.  The parties agreed to arbitration, and ultimately the arbitrator awarded the Deans $28,172.99, plus attorney fees of $98,722.58.  The Bullitt County Circuit Court confirmed the arbitration award and entered a judgment against the Debtor for $126,895.57.  The Deans then filed a judgment lien against the Debtor's current residence.

On July 14, 2017, the Debtor filed a chapter 13 bankruptcy petition in the Western District of Kentucky. She listed the Deans on Schedule D of her petition as secured creditors and the Deans filed Proof of Claim No. 2.

The Deans, through counsel, initially objected to the Debtor's proposed chapter 13 plan. At the hearing on the objection, however, the parties agreed that the only unresolved issue was the interest rate on the Deans' claim. Following the hearing, the Bankruptcy Court issued an order setting the rate at 4.25%. The Bankruptcy Court confirmed the Debtor's chapter 13 plan (the "Plan"), and the Debtor is paying the Deans' claim in full, with interest, over the term of the Plan.

On October 13, 2017, the Deans filed a complaint against the Debtor, commencing Adversary Proceeding No. 17-03062. In that adversary proceeding, the Deans claimed damages of $300,000 for Sarah Dean's respiratory problems allegedly attributable to mold contamination. The Deans requested a finding that the damages be declared non-dischargeable. The Bankruptcy Court later dismissed the Adversary Proceeding, and the Deans did not appeal from the dismissal order.

Meanwhile, on November 2, 2017, shortly after the entry of the order confirming the Debtor's Plan, the Deans filed a motion to dismiss the Debtor's bankruptcy case. The Debtor objected, and on February 5, 2018, the Bankruptcy Court entered a Memorandum Opinion denying the motion to dismiss. The Deans timely filed a notice of appeal from that order, but the BAP dismissed that appeal for lack of jurisdiction, concluding that the order declining to dismiss the Debtor's bankruptcy case was not a final order. *Dean v. Lane* (*In re Lane*), 598 B.R. 595 (B.A.P. 6th Cir. 2019) ("BAP Case 18-8005").

On March 2, 2018, while the appeal in BAP Case 18-8005 was still pending, the Debtor sent the Deans a letter offering a proposed payout of her claim ("Settlement Letter"). The Settlement Letter explained that it was not admissible as evidence pursuant to Federal Rule of Evidence 408 ("Rule 408"). Nonetheless, the Deans immediately filed the Settlement Letter on the docket, unaccompanied by any other pleading or explanation of the purpose of the filing.

The Deans then designated the Settlement Letter as part of the record on appeal in BAP Case 18-8005, which was still pending.

On April 13, 2018, the Debtor filed a motion for sanctions against the Deans, her first such motion (Mot. for Sanctions, Case No. 17-32237 ECF No. 62 (the "First Sanctions Motion")).[1]  The First Sanctions Motion asserted the Deans had violated Federal Rule of Bankruptcy Procedure 9011 ("Rule 9011") and Rule 408 by filing the Settlement Letter.  On May 3, 2018, the Debtor also filed a motion to strike the Settlement Letter (the "Motion to Strike," ECF No. 74).  The Deans filed a combined objection to both the First Sanctions Motion and Motion to Strike on May 14, 2018.

On August 3, 2018, the Bankruptcy Court entered an opinion and order granting the Debtor's motions.  (ECF No. 97 (the "First Sanctions Opinion").)  The Bankruptcy Court ordered the Settlement Letter stricken from the record, sanctioned the Deans $5,000 (payable to the Bankruptcy Court), and awarded the Debtor attorney fees as part of the sanction.  The Deans filed a motion to alter or amend, which the Bankruptcy Court denied, then filed a timely notice of appeal and an amended notice of appeal seeking review of the orders.  The Panel docketed the appeal as BAP Case 18-8038.

While the controversy surrounding their filing of the Settlement Letter was simmering, the Deans filed another complaint against the Debtor, commencing Adversary Proceeding No. 18-03022, through which they sought revocation of the order confirming the Plan pursuant to 11 U.S.C. § 1330(a).  On May 14, 2018, the Debtor moved to dismiss the complaint in the second adversary proceeding for failure to state a claim, arguing that it raised substantially the same issues that the confirmation order resolved or foreclosed by operation of law.  Three days later, on May 17, 2018, the Debtor filed a second sanctions motion, asserting the Deans "have made a habit of filing lengthy-meritless pleadings as a means to harass [the Debtor] and have needlessly increased the cost of this proceeding."  (Mot. for Sanctions at 3, ECF No. 81 (the "Second Sanctions Motion").)  On August 22, 2018, the Bankruptcy Court entered a memorandum opinion and order granting the Debtor's motion to dismiss the second adversary

---

[1]All subsequent references to "ECF No. ___" are to the CM/ECF record in Bankruptcy Case No. 17-32237 unless otherwise specified.

proceeding with prejudice.  The Bankruptcy Court found the issues raised in the second adversary complaint repeated the Deans' previous objections to the Debtor's chapter 13 Plan and therefore failed to state a claim upon which relief could be granted.**2**

On September 4, 2018, the Bankruptcy Court entered a memorandum opinion on the Second Sanctions Motion but did not set the amount of sanctions.  (ECF No. 110 (the "Second Sanctions Opinion").)  On September 14, 2018, the Deans filed a motion for reconsideration of the second set of sanctions.  The Bankruptcy Court denied the reconsideration motion on September 18, 2018.  Nine days later, the Bankruptcy Court entered an order requiring the Deans to pay the Debtor $2,641 in attorney's fees for their filing of the frivolous adversary proceeding.  The Deans timely filed a notice of appeal from this second sanctions order on October 9, 2018.  The Panel docketed the appeal as BAP Case 18-8040.

## DISCUSSION

### I.  BAP Case No. 18-8038

Finding that the Deans filed the Settlement Letter for an improper purpose, the Bankruptcy Court granted the Debtor's First Sanctions Motion pursuant to Rule 9011.  Federal Rule of Civil Procedure 11, made applicable to bankruptcy proceedings by Rule 9011, provides, in part:

> (b) Representations to the Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]

Fed. R. Bankr. P. 9011.  In this appeal, the Deans argue both that the First Sanctions Motion does not comply with the procedural requirements of Rule 9011 and that, on the merits, sanctions were not warranted.

---

**2**On September 4, 2018, the Deans filed a Motion to Reinstate the Adversary Proceeding and Vacate the Order Dismissing it.  The Bankruptcy Court entered an Order denying the motion on October 15, 2018.  The Deans did not appeal either the order dismissing the adversary proceeding or the order refusing to vacate the dismissal.

A.  Procedural Arguments

      1.  Safe Harbor Provision

Rule 9011 provides a "safe harbor" in that a motion for sanctions "may not be filed with or presented to the court unless, within 21 days after service of the motion [in accordance with Federal Rule of Bankruptcy Procedure 7004], the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . ."  Fed. R. Civ. P. 9011(c)(1)(A).  The Deans assert that the Debtor did not comply with Rule 9011's "safe harbor" requirement due to improper service.  The Bankruptcy Court rejected this assertion, as does the Panel.  The Debtor submitted a proof of service showing that she mailed to the Deans the safe harbor letter accompanied by the as-yet-unfiled First Sanctions Motion via certified mail with a return receipt requested.  The postal receipt that the Debtor subsequently received shows delivery of the package to the Deans' address on March 22, 2018.  While the Deans claim they did not sign for the package, they admit receipt of it, claiming to have found it on their porch.

> Under Fed. R. Bankr. P. 7004(b), service of process may be obtained by first class mail.  Service of process is complete upon mailing.  Fed. R. Bankr. P. 9006(e).  There is a presumption that an addressee receives a properly mailed item when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail.  *See Hagner v. United States*, 285 U.S. 427, 430, 52 S. Ct. 417, 76 L. Ed. 861 (1932); *Bratton v. Yoder Co*., (*In re Yoder*), 758 F.2d 1114, 1118 (6th Cir. 1985).

*In re Chess*, 268 B.R. 150, 156 (Bankr. W.D. Tenn. 2001).

In the present case, the Debtor provided a proof of service showing that the unfiled First Sanctions Motion, accompanied by a safe harbor letter, was properly addressed, stamped and mailed.  The Deans admitted to receipt of the package.  The Bankruptcy Court did not err in determining that the Debtor had complied with Rule 9011's safe harbor provision by mailing the First Sanctions Motion to the Deans before filing it.

      2.  Separate Motion Requirement

Rule 9011 requires a "separate motion" so that "a request for sanctions [is not] buried at the end of a motion for summary judgment or a motion to dismiss, but rather [is] highlighted as a

separate event." *Walton v. Roberts* (*In re Kiamsha Cmty. Dev. Corp. Inc.*), No. 10-72520-WLH, 2010 WL 4881524, at *3 (Bankr. N.D. Ga. Sept. 9, 2010), *citing Ridder v. City of Springfield*, 109 F.3d 288, 294 n. 7 (6th Cir. 1997). The Deans assert the Debtor violated the "separate motion" requirement by requesting the Settlement Letter be stricken from the docket in the prayer for relief in her First Sanctions Motion. Again, the Deans' argument fails.

This provision is intended as a shield not a sword. The Debtor's request for sanctions is not buried in some other type of motion. She filed a motion for sanctions, properly titled as such, which requested sanctions for the Deans' improper conduct regarding the Settlement Letter. Additionally, the Debtor separately filed the Motion to Strike. The Panel finds that both motions were procedurally proper, and the Bankruptcy Court did not err in considering them.

### 3. Signature Requirement

The Deans assert they cannot be punished under Rule 9011 for filing the Settlement Letter on the docket because they did not sign the letter. They point to Rule 9011(a) which requires, in part, that every document "shall be signed by at least one attorney of record or party personally if unrepresented." Fed. R. Bankr. P. 9011(a). The Deans' argument, again, misinterprets the rule.

Under Rule 9011(b), by filing the Settlement Letter in the record, the Deans certified it was not filed for an improper purpose. "Rule 9011(b) broadly defines the manner by which a party may present "a petition, pleading, written motion, or other paper" to the court to include "signing, filing, submitting, or later advocating." *In re Blasingame*, 559 B.R. at 685. Rule 9011(b) does not require a party to have signed a document to be sanctioned if the filing otherwise violates the rule. Behavior that is sanctionable under Rule 9011(b) includes filing or submitting a pleading or other paper for an improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation.

The Deans cite *In re Ruben*, 825 F.2d 977, 981 (6th Cir. 1987), for the proposition that they cannot be sanctioned under Rule 9011 because they did not sign the Settlement Letter, but their argument is not persuasive. In *Ruben*, the Sixth Circuit reversed Rule 9011 sanctions imposed against an attorney when the trial court failed to delineate the legal grounds for the

sanctions, the attorney only appeared in the matter as "additional counsel" and the attorney was not the one who signed the pleadings filed. 825 F.2d at 980-81, 984. Accordingly, *Ruben* is distinguishable on the facts and does not stand for the rule of law the Deans advocate. The Deans may not have signed the Settlement Letter, but they alone were responsible for filing it on the docket and making it part of the record. Accordingly, they may be sanctioned for filing it, even without a signature.

### 4. Failure to Issue an Order to Show Cause

In their Reply Brief, the Deans raise an argument not listed in their issues on appeal, and not addressed by the Debtor in her brief. The Deans assert the Bankruptcy Court was required to issue an order to show cause to provide them with notice and an opportunity to be heard prior to issuing the $5,000 sanction. The Deans cite Rule 9011(c)(1)(B) and use the phrase "*sua sponte*" in their brief, but they evidently misapprehend its meaning. (Appellants' Reply Br. at 11, BAP Case 18-8038 ECF No. 15.) But, the Bankruptcy Court did not raise a Rule 9011 violation on its own initiative as that Rule contemplates. Rather, the sanctions were imposed after the Debtor filed the First Sanctions Motion and the Bankruptcy Court held a hearing. Rule 9011(c) is simply not applicable.

### B. Arguments on the Merits

### 1. Motion to Strike

The Deans assert "[i]t was an abuse of discretion to Strike the [Settlement Letter] because the Debtor showed no prejudice or substantial right affected by its presence, and the Deans' [sic] were prejudiced by the Bankruptcy Court striking it to cover up the Debtor and Neil Bordy's improper, ill intended actions." (Appellants' Br. at 10, BAP Case 18-8038 ECF No. 13.) The Deans also assert the length of time the Settlement Letter remained on the docket after it was filed, five months, indicates the Bankruptcy Court's order striking the document was in retaliation for the Deans' objection to the interim fee application filed by Debtor's counsel. (Appellants' Br. at 11.) Neither of these arguments is developed or supported and therefore the Panel will not address them.

2. Improper Use of Estate Property

In their Reply Brief, the Deans argue the offer reflected in the Settlement Letter improperly uses property of the bankruptcy estate, and the Debtor "intentionally fail[ed] to inform and involve the United States Trustee" and such was "further proof of their ongoing deceptive acts." (Appellants' Reply Br. at 8.) The Deans did not raise this argument in their response to the First Sanctions Motion, nor did they raise it during the hearings, nor in their motions for reconsideration. "It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice." *U.S. Bank N.A. v. Barbee* (*In re Barbee*), 461 B.R. 711, 718 (B.A.P. 6th Cir. 2011) (quoting *Bailey v. Floyd Cnty. Bd. of Educ*., 106 F.3d 135, 143 (6th Cir. 1997)).[3] The Panel perceives no miscarriage of justice, plain or otherwise.

3. Sanctions Warranted

In granting the First Sanctions Motion, the Bankruptcy Court determined the Deans had not "presented evidence of or otherwise persuaded the Court of any permissible use of this letter." (First Sanctions Opinion at 4.) Moreover, the Bankruptcy Court concluded that "filing the letter was to foster all of the prohibited uses listed in Rule 408." (*Id*. (emphasis in original).) The Bankruptcy Court noted that the Deans had filed the Settlement Letter on the docket, then immediately added it to their designation of record on appeal. The Bankruptcy Court then held "[t]he Deans' actions with respect to their filing of the [Settlement Letter] are impermissible, serve no evidentiary value and amount to frivolous litigation tactics. These actions constitute the latest in a series of harassing, baseless and inflammatory litigation tactics by the Deans." (*Id*. at 6.)

---

[3]In their brief, the Deans assert that the Bankruptcy Court granted the motion for sanctions without holding an evidentiary hearing. This argument is never developed. The Deans requested an evidentiary hearing during the hearing on May 21, 2018 on the Motion to Strike. The Bankruptcy Court held another hearing on June 27, 2018. The Deans did not attempt to offer any evidence at either of these hearings.

Rule 408 addresses the use of Compromise Offers and Negotiations.  It provides, in part:

> (a) Prohibited Uses.  Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408.

The Deans filed the Settlement Letter on the docket in the bankruptcy case without any explanation.  It was not filed as an attachment to a motion, objection, or other request for relief, nor was it offered as evidence for a hearing.  Still, the Deans argue they had a legitimate purpose in filing it on the docket.  They argue the Settlement Letter is admissible to show the Debtor acknowledges a personal injury claim.  The Bankruptcy Court rejected this argument, holding: "Any personal injury claim the Deans <u>may</u> have, however, is not part of this chapter 13 proceeding."  (First Sanctions Opinion at 5 (emphasis in original).)

The Deans' own statements regarding their intended use defeat their argument.  Rule 408 clearly states a compromise offer cannot be used to prove or disprove the validity of a disputed claim or to contradict a prior statement.  Accordingly, the Settlement Letter cannot be offered to show that the Debtor acknowledges a personal injury claim outside the chapter 13 proceeding.

On appeal, the Deans argue their intended use of the Settlement Letter falls within the exceptions stated in Rule 408.  This argument also fails.  The rule provides:

> (b) Exceptions.  The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.  The Deans have not shown any of the exceptions articulated by Rule 408, nor have they presented any authority showing any other exception that would apply.

Because the Deans filed the Settlement Letter on the docket without any context, the Bankruptcy Court had to ascertain their motivation from their actions. The Bankruptcy Court noted that immediately following the filing, the Deans designated the Settlement Letter as part of the record on appeal. Accordingly, the Bankruptcy Court found the Deans' intention was to use the Settlement Letter to support their arguments on appeal that the chapter 13 bankruptcy case should be dismissed due to fraud, in part based on the Debtor's failure to address the Deans' other claims. As Rule 408 prohibits this use, the Bankruptcy Court did not abuse its discretion in holding the filing of the Settlement Letter on the docket did not have a proper purpose.

Incorrectly citing the standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Deans assert "the Bankruptcy Court abused its discretion in finding the Deans' conduct was not reasonable under the circumstances, in failing to analyze, nor stating with any specificity the Deans' supposed misconduct." (Appellants' Br. at 17.) As demonstrated above, the Bankruptcy Court did state the misconduct with specificity, finding that the Deans filed the Settlement Letter without a proper purpose.[4] Moreover, the filing was the latest in a pattern of harassment from the Deans toward the Debtor.[5] The Bankruptcy Court did not abuse its discretion in imposing sanctions in response to the harassment.

### 4. Ability to Pay

Rule 9011 mandates that sanctions be limited to the amount required to deter future conduct.

> After a bankruptcy court determines that Rule 9011 has been violated by a party, it has wide discretion in selecting the appropriate sanction. *Jackson v. The Law Firm of O'Hara, Ruberg, Osborne, & Taylor*, 875 F.2d 1224, 1229 (6th Cir.

---

[4]This section of the Deans' brief alternates between the August 3, 2018 and September 4, 2018 sanctions orders and does not clearly convey how the arguments pertain to either order. To the extent that the Deans cite Rule 12(b)(6) and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) in relation to BAP Case No. 18-8040, where their adversary proceeding was dismissed for failure to state a claim, that issue is not before the Panel because the Deans did not timely file an appeal from the order dismissing the adversary proceeding.

[5]This opinion should be read narrowly. In holding that the Bankruptcy Court did not abuse its discretion in determining that the Deans docketed the Settlement Letter for an improper purpose, this Panel does not find a private right of action for violations of Rule 408, but instead relies on Rule 9011. The Panel holds only that the Bankruptcy Court did not err in its determination that the filing of *this document* on the docket *in this case* did not have a proper purpose and was intended to harass the Debtor or create undue delay or frivolous litigation.

1989).  The two goals of the rule are deterrence and compensation, with deterrence being the primary goal.  *Orlett v. Cincinnati Microwave, Inc*., 954 F.2d 414, 419 (6th Cir. 1992).  As such, the "court should impose the least severe sanction that is likely to deter." *Jackson*, 875 F.2d at 1229; *Orlett*, 954 F.2d at 419; *see also* [*Heavrin v. Schilling* (*In re Triple S Restaurants, Inc*.), 342 B.R. 508, 513 (Bankr. W.D. Ky. 2006] (sanction imposed is limited to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.").  One type of sanction which may be imposed is "reasonable attorney fees." *Orlett*, 954 F.2d at 419.  Reasonable attorney fees do not necessarily mean actual legal expenses incurred.  In determining the amount of attorney fees to impose as a sanction, the court must consider the party's ability to pay. *Jackson*, 875 F.2d at 1230.

*Byrd v. Arvest Bank* (*In re Lamar Crossing Apartments, L.P*.), 464 B.R. 61 (table), 2011 WL 6155714, at *8  (B.A.P. 6th Cir. Sept. 20, 2011).  The BAP has explained "[w]hile failure of the court to inquire into a sanctioned party's ability to pay is an abuse of discretion, . . . 'the burden of proof is on the sanctioned party to provide evidence of financial status.' " *Id*. *10 (quoting *Legair v. Circuit City Stores, Inc.*, 213 F. App'x 436, 440 (6th Cir. 2007)).  Accordingly, "[a]n unsupported claim regarding financial status is clearly insufficient [and] [e]ven in the case of a proven total inability to pay, a court may still impose modest sanctions, because the purpose is to deter future misconduct in litigation." *Id.* (internal citations omitted); *see also White v. General Motors Corp., Inc.*, 908 F.2d 675, 685 (10th Cir.1990) ("We also hold that even if plaintiffs prove that they are totally impecunious the court may impose modest sanctions to deter future baseless filings.").

In the First Sanctions Opinion, the Bankruptcy Court acknowledged the duty to limit sanctions "to what is sufficient to deter the repetition of such conduct[.]"  (First Sanctions Opinion at 6.)  The Bankruptcy Court also noted "the Deans refused to cash any of the disbursement checks sent to them by the chapter 13 Trustee as payment on their claim from the Debtor." (*Id.* at 5-6.)  In imposing the $5,000 sanction for filing the Settlement Letter on the docket, the Bankruptcy Court stated that it was imposing an amount sufficient to deter the Deans' conduct.  The Bankruptcy Court also indicated the cumulative nature of the abuse of process was a factor in determining the amount.

The Panel finds that the Bankruptcy Court properly considered the financial information presented regarding the Deans' ability to pay and limited the sanctions awarded to an amount

designed to deter future harassing litigious behavior. While the Deans claimed that they could not afford an attorney because they did not have the financial resources, their refusal to cash disbursement checks undermined their argument, as the Bankruptcy Court observed.

For the reasons stated, the Panel finds that the Bankruptcy Court did not abuse its discretion by imposing sanctions against the Deans for filing the Settlement Letter on the docket. The Bankruptcy Court's orders appealed in BAP Case No. 18-8038 are AFFIRMED.

## II. BAP Case No. 18-8040

In the second appeal, the Deans argue the Bankruptcy Court erred in granting the Second Sanctions Motion for filing a frivolous adversary proceeding. Again, the Deans make both procedural and substantive arguments.

### A. Procedural Arguments

#### 1. Timing of the Motion for Reconsideration

The Deans assert the Bankruptcy Court granted the Second Sanctions Motion before ruling on the Deans' pending motion to vacate or reconsider the order dismissing the Deans' complaint under 11 U.S.C. § 1330 to revoke the confirmation order. (Appellants' Br. at 20.) They argue "[b]ased on the entry of its Order, it is an undeniable fact that the Bankruptcy Court had already pre-determined that it was not going to even consider vacating or reconsidering the [dismissal] Order[.]" (*Id.* at 20-21 (emphasis in brief).) The Deans' argument is factually incorrect. The time stamp on the second order granting sanctions is 3:18 pm on September 4, 2018. The time stamp on the motion to vacate or reconsider the order dismissing the adversary proceeding is 4:14 pm that same afternoon. Accordingly, the motion to vacate or reconsider was not pending when the Bankruptcy Court entered the Second Sanctions Order and this argument lacks merit.

#### 2. Lack of Objections

The Deans assert "no other creditors, nor did the Trustee(s), object to the Bankruptcy Court Vacating or Reconsidering any of the Orders. Neil Bordy did not even file an Objection to the Deans' September 14, 2018, Motion to Vacate or Reconsider second Order for Sanctions on

the Dismissal of the Deans' fraud Complaint." (Appellants' Br. at 25.) The Deans' argument that a bankruptcy court must grant a motion to vacate if no one objects is plainly wrong.

> A court may reconsider a previous judgment: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. *See GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence." *In re Nosker*, 267 B.R. 555, 564 (Bankr. S.D. Ohio 2001). "The burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." *Id*. at 565.

*In re J & M Salupo Dev. Co*., 388 B.R. 795, 800–01 (B.A.P. 6th Cir. 2008). Moreover, "[t]he granting of a Rule 59(e) motion is an extraordinary remedy and should be used sparingly." *Id*. (quoting *Pequeno v. Schmidt* (*In re Pequeno*), 240 F. App'x. 634, 636 (5th Cir. 2007) (internal citations and footnotes omitted)).

The Deans did not carry their burden of demonstrating the existence of a manifest error of fact or law in the Bankruptcy Court. They did not present an intervening change in law or any newly discovered evidence. Rather, at its root, their argument was that sanctions were not warranted because all their behavior was justified. In making that assertion to the Bankruptcy Court, which they now reiterate to this Panel, the Deans repeated the same arguments they have presented at every stage of this litigation.

The Panel finds that the Bankruptcy Court did not abuse its discretion by considering the motion to vacate in the absence of an objection or in holding there were no grounds to vacate its orders.

B. Substantive Arguments

    1. Ability to Pay

In the Second Sanctions Opinion, the Bankruptcy Court noted that the "Court previously sanctioned the Deans in an amount it believed would deter this type of conduct." (Second Sanctions Opinion at 7.) The Bankruptcy Court held that "the filing of the second adversary

proceeding based on issues that had already been fully litigated, appealed or otherwise waived, amounted to frivolous and/or vexatious litigation tactics on the part of the Deans that could only have an improper purpose and amounted to an abuse of the bankruptcy process." (*Id.*)  Then, in the subsequent order setting the amount of sanctions, the Bankruptcy Court limited the amount of attorney fees that it awarded to only those incurred with the prosecution and filing of the motion for sanctions related to the dismissal of the second adversary proceeding, reducing the amount from the $7,075.50 requested to $2,641.

In their motion for reconsideration of the Second Sanctions Opinion, the Deans asserted the Bankruptcy Court erred when it failed to take into account the Deans' ability to pay the sanctions.  The Deans, however, did not file any proof of their financial status with that motion or in response to the Second Sanctions Motion.  In the Bankruptcy Court, the Deans only offered anecdotal comments regarding their inability to afford a lawyer, not evidence, to support their contention that they could not afford to pay sanctions.  (See June 27, 2018 Hr'g Tr. 15:10-20 (ECF No. 120).)  Moreover, their failure to cash the chapter 13 trustee's dividend disbursement checks undermined any assertion that the Deans were unable to pay.  Finally, it is telling that the sanctions have apparently not deterred the Deans from continuing to file frivolous documents, adversary proceedings, and appeals, suggesting, perhaps, that the award was too low. Accordingly, the Panel finds that the Deans' inability to pay argument was without merit.  The Bankruptcy Court was not obligated to provide an in-depth analysis of the Deans' ability to pay when they had not offered any substantial evidence of their financial hardship.[6]

   2.  <u>Reduction of plan payments</u>

The Deans assert that the Bankruptcy Court erred by allowing the Trustee to pay the sanctions from estate funds and reduce the amount distributed to the Deans.  The Bankruptcy Court did not grant such a request.  Specifically, the Bankruptcy Court denied the Debtor's

---

[6]The Deans' Statement of Issues on Appeal asserts the Bankruptcy Court abused its discretion because it did not give the Deans' a procedure for objecting to the Debtor's attorney fees.  This argument is not developed in the Deans' briefing; therefore, it is waived.  The Panel, however, notes that after the Bankruptcy Court entered the Second Sanctions Opinion, it gave the Debtor's attorney fourteen days to file a billing statement, then waited another nine days after it was submitted before entering the order setting the amount of sanctions.  The Deans could have filed a response to the billing statement or could have filed a motion for reconsideration regarding the amount. They did neither.

request to proceed in this manner, stating: "The Court declines this request due to the form in which it is made. Debtor's counsel may pursue funds held by the chapter 13 Trustee on behalf of the Deans upon proper request under Bankruptcy Rule 7000, *et seq*." (Second Sanctions Opinion at 7.) Likewise, the Bankruptcy Court noted that "counsel for the Debtor may pursue a direct claim for reimbursement against the Deans for such fees through appropriate means." (*Id*.) Therefore, this argument is not ripe for appeal and the Panel will not address it.

For the reasons stated, the Panel finds that the Bankruptcy Court did not err by imposing sanctions against the Deans for filing a frivolous adversary proceeding. The Bankruptcy Court's orders appealed in BAP Case No. 18-8040 are AFFIRMED.

## CONCLUSION

Sometimes the bankruptcy process can be confusing and counter-intuitive. Before bankruptcy, creditors may seem to have all the cards but after bankruptcy, leverage shifts, and the playing field changes, given important federal policies woven into the Bankruptcy Code. The chapter 13 process can be especially bewildering to the untrained eye, unfamiliar with the rules and without legal guidance. It is obvious the Deans do not understand the system. They do not understand the effect of a confirmation order. They do not understand the purpose or legitimacy of plan modification. As creditors whose claims will be paid in full through the chapter 13 case, yet who have obstreperously objected throughout the case, they evidently do not understand the purpose of chapter 13, which appears in this case to be working as Congress intended (except for the multiplication of litigation at the behest of the Deans). And perhaps most importantly, they do not understand that the Debtor's lawful exercise of the privileges accorded by a bankruptcy filing does not amount to fraud. Due to these misunderstandings, the Deans have ignored the Bankruptcy Court's admonitions to stop filing pleadings that unnecessarily increase litigation expenses and harass the Debtor. By ignoring these warnings, the Deans are only increasing expenses and delaying payment of their own claim. And now, due to their own actions, they are decreasing their 100% dividend by the amount of sanctions the Bankruptcy Court ordered them to pay. In other words, they are only hurting themselves. It is their choice to continue down this same road by continuing to file objections, refusing to cash their dividend checks, and increasing the Debtor's litigation expenses, but in the end, the Deans

may see the favorable terms of the Debtor's chapter 13 plan reduced either by a decrease in the Debtor's resources or by an increase in their own liability to the Debtor or her bankruptcy estate.

Whether or not specifically addressed in this opinion, the Panel has considered all the arguments raised in the Deans' briefs and finds them without merit. For the reasons stated, the Bankruptcy Court's orders are AFFIRMED.